MISSOURI HEALTH CARE ASSOCIA-
TION, EBG III, Inc., d/b/a Woodland
Manor, and EBG IV, Inc., d/b/a Ozark
Nursing and Care Center, Respondents,

v.

MISSOURI DEPARTMENT OF SOCIAL
SERVICES and Gary J. Stangler, its
Director, and Donna Checkett, Di-
rector, Division of Medical Services,
Appellants,

Wendell Bailey, State Treasurer for the
State of Missouri, Defendant,

and

James R. Moody, Commissioner,
Missouri State Office of Ad-
ministration, Defendant.

No. WD 46972.

Missouri Court of Appeals,
Western District.

Feb. 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 30, 1993.

Application to Transfer Denied
May 25, 1993.

William R. Rapps, Richard Beaver, Jefferson City, for appellants.

Harvey M. Tettlebaum, Marshall Wilson, Jefferson City, for respondents.

Before LOWENSTEIN, C.J., and TURNAGE and SPINDEN, JJ.

TURNAGE, Judge.

Missouri Health Care Association, EBG III, Inc., d/b/a Woodland Manor, and EBG IV, Inc., d/b/a Ozark Nursing and Care Center, filed suit against the Department of Social Services (DSS) and certain officials of that department and two state officials seeking a declaratory judgment and injunctive relief.[1] The court entered a declaratory judgment and a preliminary injunction. Only DSS has appealed and contends that the court lacked jurisdiction to enter a judgment because MHCA had not exhausted its administrative remedies.[2] Reversed and remanded.

MHCA filed a petition seeking a declaratory judgment and injunctive relief against DSS. The petition alleged that MHCA in the operation of long-term care facilities, both skilled and intermediate care, is sub-ject to extensive regulations by both the Federal government and the State, including the requirement to provide training, in-service education and competency evaluation for nurse aides. The petition further alleged that the facilities are prohibited from hiring untrained nurse aides except upon a probationary basis.

The petition alleged that the facilities were entitled to reimbursement for the reasonable cost of nurse aide training under the law. It alleged that the State requires nurse aide training by § 198.082, RSMo Cum.Supp.1988.

The petition alleged that the facilities have been required to incur costs to provide the required nurse aide training and that such costs have not been reimbursed, even though laws and regulations require such reimbursement.

The petition alleged that in 1989 the General Assembly appropriated $1,184,975 for the purpose of reimbursing nurse aide training costs.[3]

The petition further alleged that DSS had impounded the funds appropriated for nurse aide training and had refused to expend such funds to reimburse the facilities for allowable costs to provide the required training. The petition further alleged that demand had been on DSS to reimburse the facilities for the nurse aide allowable expenses but that DSS had refused to reimburse the facilities.

The injunctive relief count alleged that DSS had refused to expend the appropriated funds and sought an injunction, preliminary and permanent, to restrain DSS from

---

1. The plaintiffs will be referred to collectively as MHCA.

2. DSS filed its notice of appeal in the Supreme Court but that court determined that jurisdiction of the appeal was vested in this court and transferred the appeal here.

3. The actual appropriation is found in § 11.455, Laws of Missouri 1989 p. 164:

> To the Department of Social Services
> For the Division of Medical Services
> For the purpose of funding in skilled nursing facilities and intermediate care facilities, under Title XIX of the Social Security Act as

provided by law, provided that pre-admission medical screenings shall be required of all new applicants

From General Revenue Fund ...... $130,500,000
From Federal Funds ............. $191,000,000
Total (0 F.T.E.) ................... $321,500,000

It is apparent the $1,184,975 was not appropriated as a separate item, although it was shown as a line item on the budget the legislature worked with. This raises an interesting question concerning lump sum appropriations and the budget process which precedes the passage of appropriation bills. Because of the finding that the court did not have jurisdiction it is not necessary to discuss that issue.

allowing appropriated funds to lapse.[4] The court entered an order pursuant to Rule 74.01(b) after entry of the declaratory judgment finding there was no just reason for delay. Thus, the declaratory judgment is final for purpose of appeal and the injunctive relief count is still pending in the trial court.

Both parties filed motions for summary judgment and the court granted MHCA's motion. The parties agree there are no genuine issues of fact but differ on whether MHCA is entitled to summary judgment as a matter of law.

DSS contends that MHCA is actually attempting to recoup nurse aide training under the guise of a declaratory judgment action. It contends the circuit court did not have jurisdiction to entertain the action because MHCA had an administrative remedy under § 208.156.2, RSMo 1986.[5] That section gives long-term care facilities whose claim for reimbursement for services was denied or was not acted upon with reasonable promptness the right to a hearing before the Administrative Hearing Commission. DSS contends that although the petition is cloaked in terms of "impoundment of funds" it is actually only a claim for reimbursement of nurse aide costs.

MHCA contends that under § 536.050.1 it had the option to file a declaratory judgment in the circuit court or to file such action before the Administration Hearing Commission. MHCA contends its action is one for declaratory judgment to test the validity of the DSS policy of impounding or withholding funds which have been appropriated by the legislature. In its brief MHCA contends that it is not contesting the reduction or denial of reimbursement for nurse aide training expenses but is challenging the policy of DSS in refusing to expend appropriated funds.

It is well settled that when an administrative remedy is available such remedy must be exhausted before a court may give injunctive or declaratory relief.

*Boot Heel Nursing Center, Inc. v. Missouri Dept. of Social Services*, 826 S.W.2d 14 16[1] (Mo.App.1992). *Boot Heel* recognized that an exception to the exhaustion doctrine is found in § 536.050.1 which gives the courts of this state power to render declaratory judgments respecting the validity of agency rules or the threatened application thereof. That section further provides that the action may be maintained whether or not the plaintiff has first requested the agency to pass upon the question presented. If an action involves an agency rule, the exhaustion of administrative remedies does not apply. If it involves an agency decision the exhaustion rule does apply. *Id.* The court in *Boot Heel* stated:

> The non-exhaustion rationale of § 536.050.1 rests on the distinction between an agency rule and an agency decision. *Missourians For Separation of Church And State v. Robertson*, 592 S.W.2d 825, 836 (Mo.App.1979). An agency rule is a statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts. *Id.* at 841. An agency decision engages the agency expertise on specific facts and requires exhaustion of administrative remedies. *Id.* at 836.

*Id.* at 17.

To the same effect is *State ex rel. Goldberg v. Darnold*, 604 S.W.2d 826, 831[8–10] (Mo.App.1980), when this court stated:

> A *decision*, by definition, includes an agency order whether negative or affirmative in form [§ 536.010(3) ] *on specific facts*. A *rule*, by definition, includes every agency regulation or statement of policy "of general application and future effect" [Rule 100.01]—and so declares *in advance of facts* whether that implementation conforms to the statute of delegation or other requirements of law. The order of the Director to assess the taxpayer advertisement supplement distribution applies the sales tax rule to a

**4.** Under Art. 4, § 28 of the Constitution, appropriations expire six months after the end of the period for which made.

**5.** All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

specific set of facts and so promulgates a decision and not a rule. (Citations omitted.)

■ Thus, the test of whether or not an action involves an agency rule or an agency decision is whether or not the action seeks a declaration concerning a statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts, or whether the action involves specific facts and named or specified persons or facts. In the former situation the action involves an agency rule, in the latter an agency decision. Although MHCA attempts to camouflage the true purpose of this suit by alleging that DSS was illegally impounding funds, the real nature of the suit comes through in the allegation of the petition that MHCA had demanded that DSS reimburse it for nurse aide expenses but DSS had refused to do so. In its judgment the court went beyond declaring that DSS could not impound funds and ordered DSS to establish a process or procedure by which MHCA could make application to be reimbursed from the appropriated funds. In short, the action was not one designed to test the validity of the impoundment of appropriated funds by DSS as a matter of future policy without reference to named and specified persons or facts, but seeks to recover funds for the named plaintiffs on the specific facts concerning the failure of DSS to reimburse MHCA for nurse aide training costs.

In the petition, the issue of impoundment of funds by DSS is applied to a specific set of facts, i.e., the refusal of DSS to reimburse MHCA for nurse aide training. The action brought by MHCA does not seek a declaration in advance of whether or not DSS may impound funds. It seeks reimbursement for nurse aide training costs because it contends DSS unlawfully impounded funds and refused the demand for reimbursement. By pleading impoundment of funds with reference to a specific set of facts, the action by MHCA was actually an action to challenge the decision of DSS not to reimburse for nurse aide training costs. For that reason the action is not one for declaratory judgment respecting the validity of a rule which may be properly brought in the circuit court pursuant to § 536.050.1. Rather, the action is based on specific facts involving named entities and is a challenge to a DSS decision. Jurisdiction to challenge a decision by DSS not to reimburse for nurse aide training costs is vested in the Administrative Hearing Commission under § 208.156.2. Because MHCA in reality challenged an agency decision and not an agency rule, § 536.050.1 does not allow a declaratory judgment action to be brought in the circuit court. Therefore, the circuit court had no jurisdiction to entertain the action for declaratory judgment. *Boot Heel,* 826 S.W.2d at 17.

The judgment is reversed and this cause is remanded to the circuit court with directions to find that it has no jurisdiction of the petition for declaratory judgment and to enter its judgment dismissing such cause of action.

All concur.