**ALEXIAN BROTHERS OF ST. LOUIS, INC., d/b/a Alexian Brothers Hospital, Appellant,**

v.

**DEPARTMENT OF SOCIAL SERVICES, DIVISION OF MEDICAL SERVICES, Respondent.**

**No. WD 57453.**

Missouri Court of Appeals, Western District.

Submitted Feb. 3, 2000.

Decided May 23, 2000.

Terry C. Allen, Jefferson City, for appellant.

Richard S. Basile, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J.; JAMES M. SMART and ROBERT G. ULRICH, JJ.

JAMES M. SMART, Jr., Judge.

This case concerns issues related to the jurisdiction of the Administrative Hearing Commission under § 208.156.4, RSMo 1994. Alexian Brothers Hospital of St. Louis, Inc., ("Alexian") appeals the denial of its claim for reimbursement under the Federal Medicaid Act. We remand for dismissal for lack of jurisdiction.

Since before 1990, Alexian has been an authorized Medicaid provider under Missouri's participation in the Federal Medicaid Act, 42 U.S.C. § 1396 *et seq.*(1992). Among the services provided by Alexian are psychiatric care services. Medicaid reimbursements to authorized providers are administered by the Division of Medical Services of the Missouri Department of Social Services ("DMS").

Prior to January 1, 1990, health care providers participating in the Missouri Medicaid Program received reimbursements from DMS on the basis of a *per diem* rate. Effective January 1, 1990, in response to what it considered to be a great surge in psychiatric care costs, DMS placed a cap on the *per diem* reimbursement rates for certain inpatient psychiatric services. Pursuant to 13 C.S.R. 70–15.010(15), those psychiatric services were reimbursed at the lower of the hospital's Title XIX *per diem* rate or an inpatient psychiatric *per diem* of $277.00. The rate was adjusted for inflationary factors, but the cap still remained below what the hospital contended was the reasonable cost of providing care.

In October of 1992, Alexian filed a petition with the Administrative Hearing Commission ("AHC"), challenging the calculation of the daily rate. Alexian sought reimbursement for the period beginning October 2, 1992. Alexian contended, *inter alia*, that DMS's rate plan violated 42 U.S.C. § 1396(a)(13)(A)(1992), known as "The Boren Amendment." The Boren Amendment requires that reimbursement rates be "reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regulations, and quality and safety standards...." *See also* 42 C.F.R. § 447.253(b)(1)(1992).

The AHC made findings of fact in the case, but determined that it lacked jurisdiction to grant relief. On judicial review, the circuit court held that the cap set forth in 13 C.S.R. 70–15.010(15) violated the Boren Amendment to the Federal Medicaid law, and also violated the "reasonable cost" reimbursement provision of § 208.152, RSMo 1990. The court ordered DMS to reimburse Alexian for the losses caused by the cap since October 1, 1992. That decision was affirmed by this court, in *Missouri Dep't of Soc. Servs., Div. of Medical Servs. v. Alexian Bros. of St. Louis, Inc.,* 930 S.W.2d 439 (Mo.App.1996) ("*Alexian* I"). Thereafter, in 1997, Alexi-

**535**

an filed a second case with the AHC, seeking additional retroactive payments for the period between January 1, 1990, through October 1, 1992.

The Department of Social Services ("Department") moved to dismiss the second action on the ground that the claims were barred by the doctrine of *res judicata*. In September 1998, the AHC, pursuant to 1 C.S.R. 15–6.450(4)(C), granted the Department's motion, concluding that the second petition was barred by the doctrine of *res judicata*. Alexian sought judicial review. On May 25, 1999, the circuit court entered its judgment in favor of the Department. Alexian appeals.

In its first point on appeal, Alexian contends that *res judicata* is not applicable because the earlier case, *Alexian* I, involved different facts, different rates of Medicaid reimbursement, different rules and regulations, separate and different periods of time, and was not based on the same cause of action. In its second point, Alexian argues that the circuit court erred in holding that, because the regulation imposing the cap was no longer in effect at the time Alexian filed this action with the AHC on January 7, 1997, the court and the AHC lacked jurisdiction of Alexian's claim.

■ We turn initially to the jurisdictional issue. The circuit court held that because the offending regulation had already been withdrawn three months before Alexian filed its case with the AHC, the AHC had no jurisdiction. Alexian claimed jurisdiction under § 208.156.4. That section authorizes AHC jurisdiction over those claims brought by a person "aggrieved by any rule or regulation promulgated by the department of social services or any division therein...." § 208.156.4, RSMo 1994. The court held that because there was no then-existing regulation which had caused Alexian to be aggrieved, the AHC had no jurisdiction to entertain the claims of Alexian for reimbursement.

Alexian contends on appeal that the court erred in that § 208.156.4 does not limit claims to those lodged against an existing rule or regulation. Alexian points out that the word "existing" is not in the statutes, and argues there is no reason for such a limitation to be inferred. The Department, in response, argues that Alexian overlooks the fact that there is a distinction between a challenge to an agency *rule* and a challenge to an agency *decision*. The Department suggests that § 208.156.4 is designed to create a forum for a challenge to an agency rule which aggrieves a citizen, and that § 208.156.2 and § 208.156.8 are designed to create a window of opportunity for challenging an agency decision. The Department argues that the distinction between an agency ruling and an agency decision appears in *Missouri Health Care Ass'n v. Missouri Dep't of Soc. Servs.*, 851 S.W.2d 567 (Mo. App.1993). The court in that case drew a distinction between a challenge to a rule, and a challenge to a decision, by suggesting that the task is whether the action seeks a declaration concerning a "statement of policy or interpretation of law of future effect on unnamed and unspecified persons or facts," or whether the action involves a determination based on specific facts and persons. *Id.* at 570. The court said that the former instance involves an agency rule, and the latter instance involves an agency decision. *Id.*

■ The same distinction was echoed in *Missouri Dep't of Soc. Servs., Div. of Medical Servs. v. Great Plains Hosp., Inc.*, 930 S.W.2d 429 (Mo.App.1996). Noting that § 208.156.8 differentiates Department "decisions" from "regulations," and noting further that the time limitation of subsection 8 applies only to departmental "decisions," that provision would not apply to a challenge to a regulation under § 208.156.4. *Id.* at 439. Alexian suggests that *Great Plains Hospital* constitutes helpful authority for Alexian because in that case Great Plains Hospital was allowed to proceed against the rate determination for the fiscal years 1990, 1991 and 1992. The court held that the claims were not time barred because the thirty-day limitation period did not apply in cases challenging the va-

lidity of an existing regulation. *Id*. We disagree with Alexian's interpretation. We do not think that the court intended to imply that challenges to *withdrawn* regulations were not subject to the thirty-day limitation. What Alexian overlooks is that the regulation in question, 13 C.S.R. 70–15.010(15), became effective in 1990 and remained in effect throughout the applicable period in *Great Plains* until it was withdrawn following the decision in *Great Plains*. In this case, in contrast, the regulation was withdrawn three months before Alexian filed its action with the AHC. Accordingly, *Great Plains* provides no support for Alexian's argument in this regard.

If there were otherwise any doubt in this regard, that doubt was removed in *Missouri Department of Social Services v. NME Hospital, Inc.*, 11 S.W.3d 776 (Mo. App.1999). In that case, a group of hospitals filed claims in 1996 with DMS seeking reimbursement of the deficiency between the amount they received under the cap invalidated in *Great Plains* and the amount they would have received if the invalid cap had not been applied. *Id*. at 779. The claims were denied by DMS. *Id*. The hospital then filed a petition with the AHC. The AHC exercised jurisdiction under § 208.156.4 and decided that the hospitals were entitled to additional reimbursements. *Id*. On judicial review, the circuit court reversed the AHC, holding that the AHC did not have subject matter jurisdiction to hear the hospital's claim. *Id*. On appeal, this court reviewed the matter of the AHC's jurisdiction as to claims of Medicaid reimbursements. The court noted that § 621.055, which creates jurisdiction over Medicaid provider cases, indicates that the AHC may hear cases arising under subsections 2, 3, or 4 of § 208.156. *Id*. at 780. The court found no jurisdiction under subsection 2 because the time limit for filing a claim for an adjustment to a paid claim is eighteen months from the date of the payment. *Id*. at 781. It was conceded by the hospitals that their claims for additional reimbursements were untimely. *Id*. Because subsection 3 applies only to claims related to denial of partic-

ipation in programs, the only issue before this court was whether the statutes created jurisdiction in the AHC pursuant to subsection 4. This court, in addressing this issue, noted that the hospitals in that case, unlike the hospitals in *Great Plains*, did not challenge an existing regulation imposing the cap. *Id*. at 780. The regulation had been withdrawn based on *Great Plains* before the claims were filed. *Id*. The hospitals were seeking additional reimbursements over what they had actually received in prior rate periods. The court recognized the distinction, already mentioned above, between an agency rule and an agency decision. *Id*. The court held that the hospital claims sought review of a DMS decision—the denial of the claims for reimbursement—not claims seeking to declare invalid the rule as a matter of future policy. *Id*. The court held that therefore subsection 4 did not apply and the AHC had no jurisdiction. *Id*. at 781. The court in *NME* rejected the arguments asserted herein by Alexian.

The case before us is governed by *NME*. Here, the agency decisions were based on the invalid regulation, yet they were, nevertheless, agency *decisions* because they involved a specific claim for reimbursement as to specific facts, dates, and parties. Because the invalid regulation was already no longer operative, Alexian could not receive the benefit which the *Great Plains* hospitals received from the fact that they were also challenging the regulation itself.

Because the issue of jurisdiction is dispositive, we need not address the issue of *res judicata*. Accordingly, the judgment of the circuit court and the decision of the AHC are vacated and the case is remanded to the AHC for dismissal of the case due to lack of jurisdiction.

LAURA DENVIR STITH and ULRICH, JJ., concur.