

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. IDEKER, INC., and MISSOURI DEPARTMENT OF NATURAL RESOURCES, | ) ) ) ) | |
| Relators, | ) ) | **WD78674** **(Consolidated with WD78678)** |
| v. | ) ) ) | **OPINION FILED:** |
| | ) ) | **July 14, 2015** |
| THE HONORABLE KENNETH R. GARRETT III, Judge of the Circuit Court of Jackson County, Missouri, | ) ) ) ) | |
| Respondent. | ) | |

## ORIGINAL PROCEEDING IN PROHIBITION

**Before Writ Division:** Mark D. Pfeiffer, Presiding Judge, and
Victor C. Howard and James Edward Welsh, Judges

This action arises out of petitions in prohibition filed by Ideker, Inc. ("Ideker") and the Missouri Department of Natural Resources ("MDNR") in response to an Order dated May 4, 2015, issued by the Honorable Kenneth R. Garrett III, Jackson County Circuit Judge ("Respondent"). Respondent's Order denied Ideker's and MDNR's motions to dismiss the underlying lawsuit styled *Concerned Citizens for AIR, Inc., et al., Plaintiffs v. Missouri Department of Natural Resources, et al., Defendants*, Case No. 1316-CV25675, pending in the

Circuit Court of Jackson County, Missouri ("Underlying Lawsuit").[1]  This Court issued its Order dated June 5, 2015, staying any action in the Underlying Lawsuit until further order of this Court.

We now issue our peremptory writ of prohibition and remand this case with instructions.[2]

## Factual and Procedural Background[3]

On October 11, 2013, Concerned Citizens for AIR, Inc., a not-for-profit corporation, and the City of Grandview, Missouri (collectively, "Grandview"), filed the Underlying Lawsuit, a Petition for Judicial Review and Declaratory and Injunctive Relief and Motion for Temporary Restraining Order.  Grandview's petition alleged that in 2012 MDNR unlawfully approved an air emissions permit (Permit No. 1343A), which failed to meet lawful air quality emission requirements, for Ideker's operation of a portable hot mix asphalt plant at 5600 East 150 Highway in Kansas City, Missouri.  The petition also alleged that MDNR intended to issue Ideker another permit to authorize a permanent stationary asphalt plant in the same location (Permit No. 1369).  The first paragraph of the petition summarized Grandview's claims and requested "judicial review of a determination by the [MDNR] to approve Permit No. 1343A,"

---

[1] Prohibition may properly lie following the erroneous denial of a motion to dismiss.  *State ex rel. Union Elec. Co. v. Dolan*, 256 S.W.3d 77, 81 (Mo. banc 2008).

[2] Rule 84.24(j) permits this Court to exercise its judgment in dispensing with such portions of the procedure for the consideration and/or issuance of original writs as is necessary in the interest of justice.  We have elected to dispense with the issuance of a preliminary writ of prohibition and to dispense with the briefing schedule that would ordinarily thereafter ensue, as the parties' suggestions in support and suggestions in opposition filed in connection with the motions to dismiss in the Underlying Lawsuit, and the suggestions in support and suggestions in opposition filed in connection with Relators' petitions for writ of prohibition have addressed the legal issues considered in this opinion, rendering additional briefing unnecessary, and rendering the delay that would be associated with the issuance of a preliminary writ contrary to the interest of justice.  We are expressly authorized by Rule 84.24(l) to issue this peremptory writ without the issuance of a preliminary writ.

[3] In ruling on the motion to dismiss, the trial court was obligated to assume that all of plaintiff's averments were true.  *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 306 (Mo. banc 1993).  Therefore, the facts relevant to this Court's determination are found in the language of the petition in the Underlying Lawsuit, *see State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 330-31 (Mo. banc 2009), and in the factual background in *State ex rel. Ideker, Inc. v. Grate*, 437 S.W.3d 279 (Mo. App. W.D. 2014), without further attribution.

"an order vacating Permit No. 1343A," and an order enjoining the "imminent issuance of Proposed Permit No. 1369."

On October 23, 2013, the circuit court granted Grandview's request for a temporary restraining order, restraining MDNR from issuing the permanent permit for at least fifteen days. Two days later, Ideker filed a motion to intervene as of right, which motion was denied. This Court considered Ideker's petition for a writ of mandamus and issued an opinion directing the circuit court to allow Ideker to intervene in the Underlying Lawsuit. *See State ex rel. Ideker, Inc. v. Grate*, 437 S.W.3d 279 (Mo. App. W.D. 2014). On January 2, 2014, MDNR issued a permanent permit to Ideker to operate a stationary asphalt plant.

MDNR and Ideker each filed a motion to dismiss the Underlying Lawsuit, asserting that Respondent exceeded his statutory authority by granting judicial review because Grandview did not exhaust their administrative remedies and that MDNR's issuance to Ideker of the permanent permit rendered Grandview's claims moot. Respondent issued an Order dated May 4, 2015, denying both motions to dismiss.

MDNR and Ideker each filed a petition for writ of prohibition with this Court. Each asserted that Respondent has no statutory authority to judicially review Grandview's claims because Grandview did not exhaust their administrative remedies. Each further asserted that a justiciable controversy no longer exists for resolution because both the remedies sought by Grandview have been rendered moot by the issuance of a permanent permit to Ideker. This Court ordered the writ cases consolidated and stayed any proceedings in the Underlying Lawsuit until further order.

Additional facts relevant to the disposition of this writ proceeding will be set forth as relevant to the analysis of the issues presented.

3

**Standard of Review**

Article V, section 4.1 of the Missouri Constitution authorizes this Court to issue and determine original remedial writs. A writ of prohibition is discretionary and will be issued only:

> (1) to prevent a usurpation of judicial power when the circuit court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion when the lower court lacks the power to act as intended; or (3) when a party may suffer irreparable harm if relief is not granted. Prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation.

*State ex rel. St. Charles Cnty. v. Cunningham*, 401 S.W.3d 493, 495 (Mo. banc 2013) (citation omitted) (internal quotation marks omitted).

**Analysis**

**Administrative Review Process**

Any person or entity who wishes to construct and operate any regulated air containment source is required to submit a permit application to MDNR in accordance with rules established by the Air Conservation Commission ("ACC"). § 643.073.2.[4] Any person or entity aggrieved by an MDNR permit decision may appeal by filing a petition with the Administrative Hearing Commission ("AHC").[5] § 643.075.6; 10 CSR 10-1.030(3)(A). The AHC hearing officer's recommendation and record are reviewed by the ACC, and the ACC issues a final, written determination, which includes findings of fact and conclusions of law. 10 CSR 10-1.030(4)(B). All final orders or determinations of the ACC are subject to judicial review, pursuant to the provisions of sections 536.100 to 536.140. § 643.130.[6] "No judicial review shall be available hereunder, however, unless and until all administrative remedies are exhausted." *Id.*

---

[4] All statutory references are to the Revised Statutes of Missouri 2000, as supplemented.

[5] Pursuant to section 621.250.1, all authority to hear contested case administrative appeals granted to the Air Conservation Commission ("ACC") has been transferred to the Administrative Hearing Commission ("AHC"), which renders a recommended decision for the ACC to consider. "The authority to render final decisions after hearing on appeals heard by the [AHC]" remains with the ACC. *Id.*

[6] *See also* Rule 100.01 ("The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review.").

4

Section 536.100 provides that judicial review is limited to "[a]ny person who has exhausted all administrative remedies provided by law" and who is aggrieved by a final ACC decision.

## Exhaustion of Administrative Remedies

"It is well settled that when an administrative remedy is available[,] such remedy must be exhausted before a court may give injunctive or declaratory relief." *Mo. Health Care Ass'n v. Mo. Dep't of Soc. Servs.*, 851 S.W.2d 567, 569 (Mo. App. W.D. 1993). "This principle is founded upon the theory that agencies have special expertise and a factual record can be developed more fully by pursuing the designated channels for relief within the agency." *Premium Standard Farms, Inc. v. Lincoln Twp. of Putnam Cnty.*, 946 S.W.2d 234, 237 (Mo. banc 1997). "The issue also may be resolved through the procedures set forth by the agency for resolution of complaints, thereby rendering unnecessary review by the courts." *Id.*

An exception to the exhaustion doctrine is found in section 536.050.1, which gives the courts of this state the authority to render declaratory judgments respecting the validity of agency rules or the threatened application thereof, whether or not the plaintiff has first requested the agency to pass upon the question presented. A person bringing a declaratory judgment action attacking the validity of administrative rules under section 536.050.1 is not required to exhaust an administrative remedy if:

> (1) The administrative agency has no authority to grant the relief sought or the administrative remedy is otherwise inadequate; or

> (2) The only issue presented for adjudication is a constitutional issue or other question of law; or

> (3) Requiring the person to exhaust any administrative remedy would result in undue prejudice because the person may suffer irreparable harm if unable to secure immediate judicial consideration of the claim.

5

§ 536.050.2(1)(2)(3). "All of the statutory exceptions to the exhaustion requirement deal with actions attacking the validity of 'rules.'" *Willamette Indus., Inc. v. Clean Water Comm'n*, 34 S.W.3d 197, 201 (Mo. App. W.D. 2000).

"If an action involves an agency rule, the exhaustion of administrative remedies does not apply. If it involves an agency decision[,] the exhaustion rule does apply." *Mo. Health Care Ass'n*, 851 S.W.2d at 569. "The non-exhaustion rationale of [section] 536.050.1 rests on the distinction between an agency rule and an agency decision." *Id.* (internal quotation omitted). A "decision," by definition, "includes decisions and orders whether negative or affirmative in form" on specific facts. § 536.010(5). On the other hand, a "rule," by definition, "means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency." § 536.010(6). Stated differently, "[a]n agency rule is a statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts. An agency decision engages the agency expertise on specific facts and requires exhaustion of administrative remedies." *Mo. Health Care Ass'n*, 851 S.W.2d at 569 (internal quotation omitted). A rule "declares *in advance of facts* whether that implementation conforms to the statute of delegation or other requirements of law." *Id.* (internal quotation omitted). Therefore, the test of whether or not an action involves an agency rule or an agency decision is "whether or not the action seeks a declaration concerning a statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts, or whether the action involves specific facts and named or specified persons or facts." *Id.* at 570. "In the former situation the action involves an agency rule, in the latter an agency decision." *Id.* MDNR's permitting decision in this case

applies state and federal environmental laws regarding air quality standards to a "specific set of facts and so promulgates a decision and not a rule." *Id.* (internal quotation omitted).

Although Grandview attempts to camouflage the true purpose of the Underlying Lawsuit by alleging that they are only challenging the legal authority of MDNR to issue an air quality construction permit that they claim misinterprets or ignores applicable federal and state environmental laws,[7] the real nature of the suit emerges in the first paragraph of the petition summarizing Grandview's claims and requesting "judicial review of a determination by the [MDNR] to approve Permit No. 1343A," "an order vacating Permit No. 1343A," and an order enjoining the "imminent issuance of Proposed Permit No. 1369." Likewise, Grandview's petition alleges factual disputes as to MDNR's analysis of the Ideker asphalt plant's "de minimis emission levels," "calculations related to predicted emissions," "calculations related to ambient impact limits," and "maximum design capacity emissions," to name a few. These are fact-specific findings that relate specifically to the Ideker permits and provide a factually disputed basis for challenging MDNR's application of federal and state environmental standards to the permitting process in this instance. In short, Grandview is not challenging the legal authority of MDNR to issue asphalt plant permits—it is challenging MDNR's decision to issue a permit to Ideker under the specific *facts* of this specific permit application as governed by relevant state and federal environmental regulations.

Likewise, the action brought by Grandview is not one for declaratory judgment respecting the validity of a rule, which may be properly brought in the circuit court pursuant to

---

[7] Grandview cites to *Premium Standard Farms, Inc. v. Lincoln Township of Putnam County*, 946 S.W.2d 234, 237 (Mo. banc 1997), and *City of Bridgeton v. City of St. Louis*, 18 S.W.3d 107, 112 (Mo. App. E.D. 2000), for the proposition that questions of legal authority are strictly legal issues to which the doctrine of exhaustion does not apply. However, as we point out in our ruling, Grandview's petition belies their "exclusively legal issue" argument—and instead demonstrates numerous factual disputes that weigh upon the permitting decision challenged in the Underlying Lawsuit. Accordingly, the precedent they cite supports the position of Ideker and MDNR, not Grandview.

section 536.050.1.  Rather, the action by Grandview is a challenge to MDNR's *decision* to issue permits for the operation of Ideker's asphalt plant.  Statutory authority to hear an appeal of a permit *decision* by the MDNR is vested in the AHC under section 621.250.  Because Grandview challenges an agency *decision* and not an agency *rule*, section 536.050.1 does not authorize them to bring a declaratory judgment action in the circuit court.[8]  Therefore, the circuit court had no statutory authority to entertain the Underlying Lawsuit.[9]

**Conclusion**

The stay entered by this Court's Order of June 5, 2015, is lifted.  We enter our peremptory writ of prohibition.  Respondent is ordered to vacate the May 4, 2015 Order.  Respondent shall enter an order dismissing Grandview's petition in *Concerned Citizens for AIR, Inc., et al., Plaintiffs v. Missouri Department of Natural Resources, et al., Defendants*, Case No. 1316-CV25675.

_____
Mark D. Pfeiffer, Presiding Judge

Victor C. Howard and James Edward Welsh, Judges, concur.

---

[8] Even if we were to determine that Grandview's petition includes a challenge to the validity of a rule, exhaustion of administrative remedies is still required because the petition also seeks relief as to a specific permitting decision.  *See State ex rel. Goldberg v. Darnold*, 604 S.W.2d 826, 831-32 (Mo. App. W.D. 1980).

[9] Given our decision regarding failure to exhaust administrative remedies, we need not address the mootness issue.  However, we note that "[a] cause of action is rendered moot when an event occurs making it impossible for the court to grant relief." *State ex rel. Mo. Parks Ass'n v. Mo. Dep't of Natural Res.*, 316 S.W.3d 375, 384 (Mo. App. W.D. 2010) (internal quotation omitted).  Grandview's requested relief—to enjoin the issuance of a permanent permit to Ideker and to vacate the temporary permit issued to Ideker—appears to have become moot when MDNR issued the permanent permit on January 2, 2014.  That said, given our ruling today, we need not and do not decide the mootness issue and any exceptions thereto.