**MARY TRANSPORT CO. et al., Petitioners–Appellants,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. 61787.**

Supreme Court of Missouri, En Banc.

Oct. 15, 1980.

---

Gary H. Feder and D. A. Shifrin, Clayton, for petitioners–appellants.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Thomas C. Walsh, Juan D. Keller, Bryan, Cave, McPheeters & McRoberts, St. Louis, for St. Louis Union Trust Co., Amax Lead Co. of Missouri and St. Joe Minerals Corp., amici curiae.

DONNELLY, Judge.

This is an appeal from a decision of the Administrative Hearing Commission of the State of Missouri upholding assessments of additional Missouri corporate franchise taxes against petitioners–appellants by respondent Director of Revenue.

On February 28, 1979, petitioners Beverly Barge Company, Francis Barge Company, Howard Barge Company, and Louis Barge Company, were merged into a surviving company, Mary Transport Company.

Each of the corporations is or was a subsidiary of Inland Oil and Transport Company. As Missouri corporations, Inland and its subsidiaries were required to file Missouri corporate franchise tax returns pursuant to Chapter 147, RSMo 1969. Each petitioner owns towboats and/or barges which have been leased to Inland for use in transporting petroleum and chemical products over inland waterways. All of such lease agreements were entered into in St. Louis, Missouri. None of the petitioners owns assets other than the leased towboats and barges.

On their corporate franchise tax returns for the years in question, petitioners allocated all of their property and assets as being employed outside the State of Missouri and, pursuant to §§ 147.010.1 and 147.010.4, paid only the minimum tax of $25 each.

By letter dated March 1, 1979, all petitioners, except Roberta Transport Company, received notification from respondent that additional franchise taxes for the year 1976 were due. On March 23, 1979, those petitioners filed complaints with the Administrative Hearing Commission asserting that their 1976 tax reports were accepted as filed and that no further taxes were due and owing.

On May 15, 1979, petitioner Roberta Transport Company received notification that an additional franchise tax for the year 1979 was due. On June 15, 1979, Roberta filed its complaint with the Administrative Hearing Commission challenging this assessment.

Petitioners' cases were consolidated, a hearing was waived, and the cases were submitted to the Commission on a Stipula-

tion of Facts. On October 16, 1979, the Commission issued its decision upholding the additional assessments with respect to all petitioners.

As the case involves construction of the revenue laws of this state, this Court has jurisdiction of the appeal. Mo.Const. art. V, § 3.

By § 147.020, RSMo 1969, petitioners were required to file a report annually on or before the fifteenth day of April reporting certain specified information from which the Department of Revenue was to determine each corporation's franchise tax liability. Section 147.030, RSMo 1969, provides:

"State tax commission to determine amount of tax—when due—receipt. 1. The state tax commission shall, on or before the fifteenth day of May in each year, determine from the facts reported, and from any facts within or coming to its knowledge the proportion of the outstanding shares and surplus of each corporation employed in business in this state and the amount of tax each corporation is liable to pay and shall report the same to the director of revenue, who shall make out a tax bill therefor against each corporation and shall notify the proper officials of each corporation of the amount of (1) the tax determined by the commission, (2) the amount paid with the report, and, (3) the amount, if any, remaining unpaid.

"2. The taxes provided for in this chapter shall be paid on or before the fifteenth day of April in each year. The payment shall be remitted with the report required by section 147.020 to be filed with the commission. The commission shall forward each such payment to the director of revenue. When the tax as determined by the commission is paid, the director of revenue shall deliver a receipt for taxes paid which shall recite that the corporation named therein has paid its annual franchise tax for the year ending the thirty–first day of December."

Section 12.4 of the Omnibus State Reorganization Act, Mo.Laws 1974, p. 530, transferred the powers, duties, and functions of the State Tax Commission relating to administration of the corporation franchise tax to the Department of Revenue.

Each of the petitioners, except Roberta (which received a deficiency notice for the year 1979 dated May 15, 1979), argues that the Commission's decision fails to conform to § 147.030, RSMo 1969, in that it upholds deficiency notices issued by respondent after the May 15 deadline set forth in that section. The deficiency letters from respondent to petitioners all contained the following statement: "In accordance with *Section 147.030* RSMo (1969) you are hereby notified of the determination of the proportion of property and assets employed in business in this state and the amount of additional franchise tax, interest and penalty due." (Emphasis added).

Petitioners argue that such assessments fail to conform to § 147.030 since the notice of deficiency was not issued "on or before the fifteenth day of May" of the tax year in question 1976.

Respondent argues that § 147.030, RSMo 1969, is not an absolute bar to deficiency assessments after May 15 since "[s]tanding alone, § 147.030 does not authorize any investigative actions or empower the Director of Revenue to contest any of the facts contained in the yearly report, unless additional facts happen to be within his knowledge or voluntarily brought to his attention." Instead, respondent contends, § 147.-100, RSMo 1969, "provides the means by which the state may determine the amount of tax due and owing." That section reads:

"Tax commission may require information review by administrative hearing commission.—If any corporation fails or refuses to make full and complete answers to the questions contained in the report required to be filed by it, or if the tax commission finds that any answer contained in such report is untrue, or if the commission has reason to believe that any corporation has made a false statement or concealed any facts which are material in determining the amount of tax for which such corporation is liable

under the provisions of this chapter, then the commission may require the delinquent corporations, its officers, agents, or employees to furnish information concerning its shares which is necessary in determining the tax to be paid by it. Any corporation may seek a review of the determination of the tax due by the administrative hearing commission."

■ Section 147.100 is directed toward instances of fraud, concealment, or misrepresentation in corporate franchise tax reports. Before the statute empowers the state to require corporations to furnish additional information, the corporation must *fail* or *refuse* to make full and complete answers, an answer in the report must be found to be *untrue*, or there must be reason to believe that a *false statement* or *concealment* of facts has been made.

The deficiency notices sent petitioners contained no such allegations. In fact, § 147.100 is not mentioned in the letters. The stipulations of fact to the Administrative Hearing Commission contain no reference to any alleged fraud, concealment, or misrepresentation.

"It is well established that the right of the taxing authority to levy a particular tax must be clearly authorized by the statute and that all such laws are to be construed strictly against such taxing authority." *State ex rel. Ford Motor Co. v. Gehner*, 325 Mo. 24, 29, 27 S.W.2d 1, 3 (banc 1930). *See also Cascio v. Beam*, 594 S.W.2d 942, 945 (Mo. banc 1980). By its express terms, § 147.100 empowers the state's taxing authority in certain instances, to "require the delinquent corporation * * * to furnish information * * *." However, there was no statutory authorization to issue deficiency notices or collect additional assessments prior to January 1, 1980. Of course, this statutory deficiency no longer exists. *See* § 147.040, RSMo Supp. 1979.

We conclude the decision of the Administrative Hearing Commission upholding the assessments against Mary Transport Company, Louis Barge Company, Howard Barge Company, Francis Barge Company, and Beverly Barge Company is erroneous.

■ However, as petitioner Roberta Transport Company was assessed a franchise tax deficiency for the year 1979 within the period mandated by § 147.030, RSMo 1978, we must turn to the question of whether the decision of the Administrative Hearing Commission upholding the additional assessment was correct.

Section 147.010, RSMo 1978, reads in part:

"1. For the taxable year of 1971 and thereafter every corporation of this state organized under or subject to chapter 351, RSMo, or under any other laws of this state shall, in addition to all other fees and taxes now required or paid, pay an annual franchise tax to the state of Missouri equal to one twentieth of one percent of the par value of its outstanding shares and surplus, or if the outstanding shares of such corporation or any part thereof consist of shares without value, then, in that event, for the purpose herein contained such shares shall be considered as having a value of five dollars per share unless the actual value of such shares should exceed five dollars per share, in which case the tax shall be levied and collected on the actual value and the surplus. If such corporation employs a part of its outstanding shares in business in another state or country, then such corporation shall pay an annual franchise tax equal to one twentieth of one percent of its outstanding shares and surplus employed in this state, and for the purposes of this chapter such corporation shall be deemed to have employed in this state that proportion of its entire outstanding shares and surplus that its property and assets in this state bears to all its property and assets wherever located.

\* \* \* \* \* \*

"4. Every corporation filing a report under the provisions of this section shall pay either the tax due or the sum of twenty five dollars, whichever is greater."

It has been said that the franchise "tax is levied not upon the property itself, but upon the right of the corporation to transact business in this state." *State ex rel. Marquette Hotel Inv. Co. v. State Tax*

*Comm'n*, 282 Mo. 213, 220, 221 S.W. 721, 722 (banc 1920).

Under this provision, Roberta, in its 1979 tax report, allocated *all* of its property and assets as employed outside the State of Missouri and paid only the statutory minimum tax of $25 pursuant to § 147.010.4, *supra.* Respondent challenged this allocation, maintaining that since Roberta's sole corporate activity was the leasing of vessels to parent corporation Inland, another Missouri corporation, for use in Inland's business of interstate transport of chemical products and petroleum, all of Roberta's assets were employed, through the lease transactions, in Missouri.

Respondent's position was upheld by the Administrative Hearing Commission whose Conclusions of Law, pp. 7–9, we quote below:

"In the *Marquette* case, supra., at 724, interpreting statutory language substantially similar to the present language of Section 147.010 RSMo. 1978, the Supreme Court of Missouri stated that: 'the extent of use of the franchise is the basis for the computation of the tax.' Further clarification of the meaning of Section 147.010 RSMo.1978, is found in [*Household Fin. Corp. v. Robertson*, 364 S.W.2d 595 (Mo. banc 1963)] where the * * * Court * * * held that cash employed in this state, *irrespective of physical location*, is properly included in the computation of the franchise tax. In the same case, * * the Court * * * concluded that the franchise tax imposed on every corporation engaged in business in the state 'is to be measured and computed upon the value of its property and assets *employed in business* in this state' and that for purposes of computing the franchise tax a 'corporation shall be deemed to have employed in his [sic] state that portion of its entire outstanding shares and surplus that its property and assets (*employed in this state*) bear to all its property and assets wherever located.' (emphasis added), *Household Finance, supra*, at 602. Thus in computing the franchise tax, this statute permits a corporation to allocate property and assets to the State of Mis-

souri based on the extent of their employment in business within the state.

"Whether the deficiency assessments imposed on Petitioners are lawful, hinges upon a determination of the nature of Petitioners' business, rather than on the location of their property and assets. Petitioners claim exemption from any additional assessment on the grounds that all their property and assets were used totally outside of Missouri during the tax years in question. According to Stipulations of Fact filed in this case, Petitioners, Missouri corporations, were owners of a towboat and barges which they leased to a parent company, also a Missouri corporation; and Petitioners' only property and assets for the tax years in question were the towboat and barges and the amounts due from the parent corporation under the lease agreements. Because the situs of property and assets is not determinative in computing the franchise tax, the fact that Petitioners had no control over the location or operations of the towboat and barges, which were used to transport petroleum and chemical products in interstate commerce over inland waterways during the lease period, is not germane.

"Most pertinent, however, is the fact that it was the *parent company*, not the Petitioners, who used the towboat and barges *in its business*, not *Petitioners' business*, to transport products in interstate commerce during the lease period. The business of the parent company was the transportation of products on inland waterways for which it leased a towboat and barges from Petitioners. From the facts stipulated, it appears that Petitioners' only business activity, during the tax years in question, was the leasing of the towboat and barges. It was agreed by all parties that during the tax years in question Petitioners were Missouri corporations, with their principal business office located in St. Louis, Missouri; that the lease agreements in all cases were accepted and entered into in Missouri; and that all of Petitioners' income for the tax

years in question came from the receipts for the leasing of a towboat and barges to the parent company. Hence it is clear that all of Petitioners' business activity which which consisted solely of the leasing of a towboat and barges, occured [sic] within the state of Missouri. Therefore, this Commission finds that the income from the leases, as well as the subject matter of the leases, the towboat and barges, are property and assets employed in this state within the purview of Section 147.010 RSMo. 1978, and are properly subject to the Missouri franchise tax."

We agree with the Commission's conclusions as to the franchise tax owed by Roberta Transport Company. Roberta earns its profits under the protection of the laws of Missouri. It is to Missouri that it owes it existence and its right to do business. "[T]he decision of the administrative hearing commission shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record, if a mandatory procedural safeguard is not violated and if the approval or disapproval of the exercise of authority in question by the administrative hearing commission does not create a result or results clearly contrary to that which the court concludes were the reasonable expectations of the general assembly at the time such authority was delegated to the agency." § 161.338, RSMo 1978. In the circumstances of this case, we uphold the decision of the Commission as to Roberta Transport Company.

The decision of the Commission is affirmed as to Roberta Transport Company. The decision of the Commission is reversed as to the balance of the petitioners and the cause is remanded for further proceedings not inconsistent with this opinion.

All concur.