**COMMUNITY BANCSHARES, INC., Appellant,**

v.

**SECRETARY OF STATE of Missouri, Respondent.**

**No. SC 83306.**

Supreme Court of Missouri, En Banc.

May 15, 2001.

94. He was not diagnosed as retarded by any expert.

822 ■

Shirley Ward Keeler, James Borthwick, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Keith D. Halcomb, Asst. Atty. Gen., Jefferson City, for Respondent.

WHITE, Judge.

## I.

Community Bancshares, Inc. (Bancshares) sought a declaratory judgment and a writ of mandamus to order the Secretary of State (Secretary) to refund overpaid franchise taxes. The circuit court dismissed the action as timed–barred by the statute of limitations and for Bancshares' failure to exhaust available administrative remedies. We affirm on the basis of Bancshares' cause of action being time-barred and, consequently, need not address the issue of exhaustion of administrative remedies.

In 1998, Bancshares discovered that it had miscalculated and overpaid its franchise taxes for the years of 1994, 1995, 1996, and 1997. The Secretary granted a refund for 1997, but denied Bancshares' refund claims for the remaining years, citing the two-year statute of limitations de-

lineated in section 136.035.3 that it had adopted in 15 C.S.R. 30–150.240.2 and .250.2.[1] Bancshares had filed an amended return seeking the refund for 1996 on May 2, 1998, and later filed for the 1994 and 1995 refunds.

Bancshares claimed that since chapter 147, pertaining to the assessment and collection of franchise taxes, is devoid of a statute of limitations, that the five-year limitation in section 516.120 for claims involving statutory liabilities other than penalties or forfeitures applies. Bancshares maintained section 136.035.3 is restricted to refunds filed with the Director of Revenue (Director), not the Secretary, and their cause of action is still timely under section 516.130 as it did not accrue until the Secretary denied their refund claims on June 5, 1998. Bancshares also contended that section 536.050 of the Missouri Administrative Procedures Act allows a party to bypass administrative remedies in instances where the validity of administrative rules is at issue.

While the record is unclear as to which of the three statutes it found to be applicable, the circuit court dismissed the action as being time-barred and for Bancshares' failure to pursue available administrative remedies. Bancshares sought review with the court of appeals, which ordered the case transferred to this Court pursuant to article V, section 11 as it involves the construction of the revenue laws of this state.

## II.

■ Initially it must be noted that the Secretary's office is encompassed within the definitions of "agency" and "state agency" as articulated under section 536.010(1) and (5) because the Secretary is an administrative officer of the State authorized by law to make rules or to adjudicate contested cases.[2] Our standard of review, consequently, is governed by section 536.140. Appellate review of an agency decision is limited to determining whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable or involves an abuse of discretion; or whether the decision is unauthorized by law.[3] While this Court defers to the Secretary's findings of fact, where the decision is based upon an interpretation, application, or conclusion of law, it is subject to this Court's independent judgment.[4] Since the applicable statute of limitations for obtaining a refund of franchise taxes is in dispute, the Court reviews the Secretary's decision de novo.

Chapter 147 governs the assessment and collection of corporate franchise taxes. At the time when Bancshares filed for its refund, section 147.010.6 read: "All franchise reports and franchise taxes shall be returned to the secretary of state who shall transfer such taxes to the director of revenue. All checks and drafts remitted for payment of franchise taxes shall be made payable to the director of revenue."[5]

1. All statutory citations reference RSMo 1994 unless otherwise indicated.

2. See section 536.010; and *Laws v. Secretary of State*, 895 S.W.2d 43, 47 (Mo.App.1995).

3. See section 536.140. See also *Jackson County v. Missouri State Board of Mediation*, 690 S.W.2d 400, 402 (Mo. banc 1985); *Kansas City v. Missouri Com'n on Human Rights*, 632 S.W.2d 488, 490 (Mo. banc 1982); *M.V.*

*Marine Co. v. State Tax Commission of Missouri*, 606 S.W.2d 644 (Mo. banc 1980); and *St. Louis County v. State Tax Commission*, 562 S.W.2d 334 (Mo. banc 1978).

4. Id.

5. Section 147.010.6 as amended in 1999 provides that "[a]ll franchise reports and franchise taxes shall be returned to the director of revenue."

Section 147.040.6 then noted that "[i]n the event that the amount of tax is overstated on a corporation's franchise tax report, the secretary of state shall notify the corporation that the tax paid is more than the correct amount and credit such overpayment against any tax, interest, or penalties due from such corporation and refund the difference."[6] In 1995, the Secretary promulgated regulations outlining the procedure for obtaining a refund for overpaid taxes, and 15 C.S.R. 30–150.240 and .250 specifically adopted section 136.035's two-year statute of limitations for filing refund claims.[7]

■ Bancshares concedes that by its own error it "erroneously reported and calculated the franchise tax due" in the relevant years. The franchise tax reports and overpayments in dispute were filed by Bancshares with the Secretary on August 11, 1994, March 9, 1995, and February 17, 1996. Bancshares maintains that the Secretary's rules are an invalid attempt to modify or extend a statute and are therefore void.[8] Citing to *Mary Transport Co. et al. v. Director of Revenue,* Bancshares claims that since chapter 147 is lacking an applicable statute of limitations, section 516.120.2 applies and establishes a five year limitation period for "[a]n action upon a liability created by a statute other than a penalty or forfeiture."[9] Moreover, Banc-

shares contends its claim against the Secretary "arose on June 5, 1998 when the Secretary denied their 1996 refund claim." Thus, even if the shorter three-year statute of limitations from section 516.130 for actions against state officials acting in their official capacity is applicable, its claim was not filed out-of-time.

To evaluate Bancshares' claim that the Secretary attempted to modify or extend the application of section 136.035 when adopting it into its regulations, an examination of the statute conferring authority on the Secretary to regulate the assessment and collection of franchise taxes is necessary. The Secretary derived its authority to promulgate 15 C.S.R. 30–150.240 and .250 in 1995 from section 147.120.9 which read, "[t]he secretary of state shall administer and enforce the tax imposed by sections 147.010 to 147.120, and the secretary is authorized to make such rules and regulations and to require such facts and information to be reported as the secretary may deem necessary to enforce the provisions of sections 147.010 to 147.120."[10] Consequently, the Secretary had the authority to promulgate this regulation as long as there was no attempt made to modify or extend the application of section 136.035.

■ Section 136.035.1 provides that it is the Director who shall refund overpayment

---

**6.** Section 147.040.6 as amended in 1999 substituted "director of revenue" for "secretary of state," and inserted the words "additions to tax" prior "or penalties due from such corporation."

**7.** See 15 C.S.R. 30–150.230; .240; and .250, moved to 12 C.S.R. 10–9.260; .270; and 280, effective January 1, 2000.

**8.** *Craven v. State ex rel. Premium Standard Farms, Inc.* 19 S.W.3d 160, 166 (Mo.App. 2000), citing to *Associated Industries of Missouri v. Angoff,* 937 S.W.2d 277, 282 (Mo.App. 1996). See also *Missouri Hosp. Ass'n v. Missouri Dept. of Consumer Affairs,* 731 S.W.2d

262, 264 (Mo.App.1987); and *Brown–Forman Distillers Corp. v. Stewart,* 520 S.W.2d 1 (Mo. banc 1975).

**9.** *Mary Transport Co. et al. v. Director of Revenue,* Administrative Hearing Commission, Nos. R–79074, R–79078, R–79156 (1979), aff'd. in part, rev'd in part, 606 S.W.2d 638 (Mo.1980).

**10.** Effective January 2000, section 147.120 was amended by the legislature substituting "director of revenue" for "secretary of state" throughout the section and renumbering subdivision 9 as 10.

or erroneous payment of *"any tax which the state is authorized to collect."* Examining the statute's plain language, as this Court is required to do,[11] adopting a statute applicable to *any authorized state tax* would clearly encompass corporate franchise taxes. The Secretary made no attempt to modify or alter the application of section 136.035.[12] The regulation was validly promulgated, it carries the same force and effect of law, and it is binding upon the agency.[13]

As to Bancshares' claim that *Mary Transport Co.* supports the application of the five-year statute of limitations in section 516.120 to franchise tax refunds, this Court never reviewed that point of law decided by the Administrative Hearing Commission. The only issue before this Court when *Mary Transport Co.* was heard on appeal was the validity of the franchise tax assessments.[14] This case was decided in 1979, well before the Secretary promulgated regulations adopting section 136.035 to define the statute of limitations for franchise tax refunds. Having determined, as a matter of first impression, that section 136.035 provides the ap-

plicable statute of limitations for refunds of overpaid franchise taxes, we must now turn our attention to when Bancshares' cause of action accrued.

The Secretary maintains that it is well-settled law that a cause of action accrues at the time the injuries or damages are ascertainable and that Bancshares' damages were ascertainable at the time the overpayments were made.[15] Bancshares, without citing any authority, maintains the cause of action could not accrue until the Secretary denied their refund claim. Bancshares' position would essentially negate the entire concept of the statute of limitations. Under Bancshares' reasoning, a party could conceivably file a claim at any point in time and contend the statute of limitations clock would not begin to run until that claim was denied.

■ Section 136.035.3 expressly provides that the claim accrues at the time of payment of the tax. As previously noted, Bancshares' returns with the overpayments were filed with the Secretary on August 11, 1994, March 9, 1995, and February 17, 1996. The last possible day for

---

**11.** *State v. Burns*, 978 S.W.2d 759, 761 (Mo. banc 1998). See also *Keeney v. Hereford Concrete Prods., Inc.*, 911 S.W.2d 622, 624 (Mo. banc 1995); and Goldberg v. Administrative Hearing Commission, 609 S.W.2d 140, 144 (Mo. banc 1980).

**12.** Even assuming, arugendo, that the Secretary did exceed her authority when promulgating the regulation adopting section 136.035, this would not change the result in this case. In situations where the same subject matter is addressed in general terms in one statute and in specific terms in another, and there is a "necessary repugnancy" between statutes, the more specific statute controls over the more general. (*Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36, 38 (Mo. banc 1996); and *State ex rel. City of Springfield v. Smith*, 344 Mo. 150, 125 S.W.2d 883, 885 (banc 1939)). Clearly, all three statutes of limitation in controversy are

necessarily repugnant as each provides a different time limit for initiating a cause of action. Section 136.035 is specifically directed to refunds of any state taxes, as opposed to section 516.130 which pertains to actions against state officials, or section 516.120 which applies to statutory liabilities other than a penalty or forfeiture.

**13.** Missouri Nat. Educ. v. Missouri State Bd., 695 S.W.2d 894, 897 (Mo. banc 1985), citing to Page Western, Inc. v. Community Fire Protection District of Saint Louis, 636 S.W.2d 65, 68 (Mo. banc 1982).

**14.** *Mary Transport Co.*, 606 S.W.2d at 641–643 (Mo. banc 1980).

**15.** *Business Men's Assur. Co. of America v. Graham*, 984 S.W.2d 501, 507 (Mo. banc 1999); and *Klemme v. Best*, 941 S.W.2d 493 (Mo.banc1997). See also section 516.100.

Bancshares to file its claim for the 1996 refund would have been February 17, 1998. Having filed its claims on or after May 2, 1998, all of the refunds are barred by the applicable statute of limitations.

### III.

The judgment is affirmed.

PRICE, C.J., LIMBAUGH, HOLSTEIN, WOLFF and BENTON, JJ., and SEIGEL, Sp.J., concur.

LAURA DENVIR STITH, J., not participating.