**Alice Louise KLEIN, Respondent,**

v.

**MISSOURI DEPARTMENT OF HEALTH AND SENIOR SERVICES, Appellant.**

No. SC 88138.

Supreme Court of Missouri,
En Banc.

June 26, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Sharon K. Euler, Office of Atty. Gen., James R. Layton, State Solicitor, William

S. Vanderpool, Asst. Atty. Gen., Jefferson City, for Appellant.

Daniel P. Card II, Benicia Baker-Livorsi, St. Charles, Kevin F. Hennessey, Chesterfield, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Alice Klein, a nursing home employee, appeals the decision of the Missouri Department of Health and Senior Services (DHSS) placing her name on the employee disqualification list (EDL) under section 198.070, RSMo 2000, for "recklessly abusing" a nursing home resident. The Cooper County Circuit Court reversed the decision. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art.V, sec. 10. This Court reverses the judgment of the circuit court and affirms the decision of the DHSS.

Klein is a certified nurse's aide and a certified medication technician. In May 2003, she was employed as activity director at Lakeview Health and Rehabilitation Center, a nursing home facility in Boonville. On May 27, she drove three Lakeview residents to University Hospital in Columbia. One of those residents was A.V., an eighty-five year old woman in a wheelchair. The next day, DHSS received a hotline call regarding an incident in the hospital parking garage the day before. The caller reported seeing a woman yell at and hit an elderly lady in a wheelchair while trying to load her in an unmarked white van. The caller heard the woman call the elderly lady by her name and also noted the license plate number on the van. With this information, the DHSS determined that the complaint involved Klein and A.V.

Following an investigation of the incident, DHSS sent Klein a notice of violation, informing her of its intention to place her name on the section 198.070 EDL for a period of one year. Klein timely requested a hearing to contest the matter, as provided under section 660.315.5, RSMo Supp.2003.

At the hearing, two eyewitnesses testified to the events in the hospital garage. Kerry McDonald, a licensed practical nurse, testified that she saw Klein attempting to lower the wheelchair lift on the van and A.V., who appeared upset, trying to get away from Klein. She testified that A.V. started rolling her wheelchair away from Klein toward the back of the van and out into a traffic lane. According to Ms. McDonald, Klein yelled at A.V., "[A.V.], I said get back here. [A.V.], I can't stand you anyway." Klein then went to get A.V. and hit her on the crown of the head with her open hand. Marcus McDonald, Ms. McDonald's husband, was with his wife in the parking garage and also testified. He stated that he saw Klein hit A.V. on the head four or five times, at which point A.V., who appeared upset, attempted to "get away" from Klein by rolling her wheelchair toward the back of the van. Klein also testified at the hearing and admitted to having an altercation with A.V. in the parking lot, but Klein's version varied considerably from the McDonalds' accounts.

The DHSS determined that the McDonalds' testimony, to the extent it conflicted with Klein's, was more credible. Following the hearing, the DHSS deputy director issued his decision and order determining that Klein's name should be placed on the EDL based on her reckless abuse of A.V. Specifically, the deputy director found, "Klein was reckless in her treatment of [A.V.], and her recklessness resulted in the infliction of physical injury to resident."

■ Although the circuit court reversed the decision of the DHSS, appellate review is undertaken of the administrative decision, not the judgment of the circuit court. Section 536.140.2, RSMo Supp.2005. Of the several criteria for appellate review, *see Lagud v. Kansas City Bd. of Police Comm'rs*, 136 S.W.3d 786, 791 (Mo. banc 2004), the only criteria pertinent to this case are whether the decision of the DHSS was supported by competent and substantial evidence upon the whole record and was otherwise authorized by law. In reviewing the agency decision, the appellate court will defer to the agency's factual findings, but where, as here, the agency's decision is based upon an interpretation, application, or conclusion of law, the decision is reviewed *de novo. Community Bancshares, Inc. v. Secretary of State*, 43 S.W.3d 821, 823 (Mo. banc 2001).

Federal regulations require Missouri to ensure that each resident of a nursing home "has the right to be free of abuse, corporal punishment, and involuntary seclusion." 42 C.F.R. 483.13(b). As one means of protecting against such abuse, federal regulations also require Missouri to create and maintain an EDL. 42 C.F.R. 483.156. To comply with this requirement, the legislature enacted section 198.070.12, RSMo 2000, which states:

> The department shall maintain the [EDL] and place on the [EDL] the names of any persons who have been finally determined by the department pursuant to section 660.315, RSMo, to have recklessly, knowingly or purposely abused or neglected a resident while employed in any facility.

Section 660.315, RSMo 2000, prohibits all persons, corporations, or associations, including nursing homes, who have received the EDL from "knowingly employ[ing] any person who is on the [EDL]."

■ The controlling issue in the case at hand is whether Klein's conduct in striking A.V. rose to the level of "abuse," which is defined as "the infliction of physical, sexual, or emotional injury or harm," under section 198.006, RSMo 2000. Klein maintains that no abuse occurred because A.V. suffered no physical injury or harm as a result of the incident. This Court disagrees. Although the statute does not define "injury or harm," the significance of these common terms is evident by their plain meaning. Striking a nursing home resident necessarily involves physical injury or harm. At the least, there is injury or harm in the nature of physical pain. The statute does not require a physical manifestation of injury or harm.

Given this low threshold for establishing the infliction of physical injury or harm, the decision of the DHSS was supported by competent and substantial evidence upon the whole record and was authorized by law. The judgment of the circuit court is reversed.

All concur.