**MISSOURI HOSPITAL ASSOCIATION, et al., Respondents,**

v.

**MISSOURI DEPARTMENT OF CONSUMER AFFAIRS, REGULATION AND LICENSING, et al., Appellants.**

**No. WD 38602.**

Missouri Court of Appeals, Western District.

March 31, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1987.

Application to Transfer Denied July 14, 1987.

William L. Webster, Robert Presson, Atty. Gen. Office, Jefferson City, for appellants.

Lori J. Levine, Gerald M. Sill, Jefferson City, for respondents.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Appellant/defendant, Missouri Department of Consumer Affairs, Regulations & Licensing, appeals the judgment of the circuit court in favor of plaintiffs/respondents, Missouri Hospital Association, which declared certain rules promulgated by the State Board of Pharmacy to be void. The Circuit Court held that the Board of Pharmacy had no authority or jurisdiction to promulgate rules and regulations pursuant to § 338.280 RSMo regarding in-hospital dispensing of drugs. Defendants appeal alleging the trial court erred by (1) holding that Chapter 338 RSMo did not encompass regulation of hospitals, and (2) finding that §§ 536.200 and 536.205 RSMo 1986 void the Pharmacy Board's rule. The judgment of the Circuit Court is affirmed.

The Missouri State Board of Pharmacy (Board), established by § 338.110 RSMo, is responsible for administration and enforcement of statutes, rules, and regulations, pertaining to the licensure and regulation of pharmacists and pharmacies within the State of Missouri. The pharmacy board has rulemaking power conferred upon it by §§ 338.140 and 338.280 RSMo.

On April 12, 1984, the Board filed an Order of Rulemaking, 4 C.S.R. 220–2.060 (now 220–2.070), requiring hospital pharmacies which provide in-house dispensing of drugs to hold a permit issued by the Board. Thereafter, on August 1, 1984, the Board filed additional Orders of Rulemaking, specifically, 4 C.S.R. 220–2.090 regarding pharmacists-in-charge and 4 C.S.R. 220–2.080 regarding electronic data processing. All three regulations relate to hospital pharmaceutical services.

Plaintiffs, Missouri Hospital Association (MHA) and seven individual hospitals, filed suit for declaratory and injunctive relief in the Circuit Court of Cole County, challenging the validity of these regulations. Plaintiffs contend that the rules promulgated by the Board attempt to regulate in-hospital dispensing of drugs, staffing practices, and data processing, and are beyond the jurisdiction and authority of the Board. Further, plaintiffs allege that no fiscal note was submitted in any of the proposed rules or final orders of rulemaking.

The trial court entered summary judgment in favor of plaintiffs. The court found that defendants exceeded the jurisdiction and authority granted to them by Chapter 338 RSMo. The court further found that defendants have no authority or jurisdiction to promulgate regulations regarding in-hospital dispensing of drugs, the privilege of serving as pharmacist-in-charge, or hospital electronic data processing systems. The court also considered the plaintiffs' alternative claim of violation of the statutory fiscal note requirements. The court found that based on the stipulation as to the number of private and public entities involved, the costs to comply with 4 C.S.R. 220–2.070 would exceed $500 and that the defendants failed to file fiscal notes as required by §§ 536.200 and 536.-205 RSMo (1986).

The power to formulate rules to effect a policy of statute is legislative. The power to decide legal rights is judicial. The validity of a rule is subject to review by declaratory judgment under § 536.050. The validity of an adjudication is subject to review under § 536.100 or § 536.150—according to whether a contested or non-contested case. *Missourians For Separation of Church and State v. Robertson,* 592 S.W.2d 825, 841 (Mo.App.1979).

█ Here, there was no hearing as part of the rule-making process, and this is not a contested case. A petition under § 536.-050.1 for declaratory judgment invokes the original and not the review jurisdiction of the circuit court. *State ex rel. Goldberg v. Darnold,* 604 S.W.2d 826, 830 (Mo.App.

1980). We are therefore reviewing the decision of the circuit court.

■ Rules are void if they are beyond the scope of the legislative authority conferred upon the state agency or if they attempt to extend or modify the statutes. *See Brown-Forman Distillers Corp. v. Stewart*, 520 S.W.2d 1 (Mo. banc 1975); *Missourians for Honest Elections v. Missouri Elections Commission*, 536 S.W.2d 766 (Mo.App.1976). Therefore, an examination of the statutes governing pharmacies and conferring authority to the Board to regulate pharmacies is necessary to determine the validity of the regulations at issue. We must ascertain the intent of the General Assembly from the language used in the statutes and to give effect to that intent. *Goldberg v. Administrative Hearing Commission*, 609 S.W.2d 140, 144 (Mo. banc 1980).

■ Pharmacies are regulated by §§ 338.210 through 338.300, RSMo (1986). Section 338.210 RSMo defines "pharmacy" as follows:

As used in §§ 338.210 to 338.300, "pharmacy" shall mean any pharmacy, drug, chemical store or apothecary shop, conducted for the purpose of compounding, and dispensing or retailing of any drug, medicine, chemical or poison when used in the compounding of a physician's prescription.

Section 338.210 RSMo, cannot be read in isolation in determining legislative intent. The entire statutory scheme regulating pharmacies must be read *in pari materia.* In so doing, it is apparent that Chapter 338 is designed to regulate pharmacies which dispense drugs to the general public. Nowhere in these various sections are there any references to hospital pharmaceutical services. However, there are several references to retail operations. Chapter 338 and the rules promulgated pursuant thereto contemplate a retail operation where there is direct contact between the pharmacist and the consumer.[1]

Particularly, § 338.260 RSMo 1986, regulates what business name may be used to transact pharmaceutical business and specifically refers to a retail business. Section 338.260 states:

No person shall carry on, conduct or transact a *retail* business under a name which contains as part thereof the words "pharmacist", "pharmacy", "apothecary", "apothecary shop", "chemist shop", "drug store", "druggist", "drugs", or any word of similar or like import, unless the place of business is supervised by a registered pharmacist. (Emphasis added.)

Section 338.300 RSMo 1986, relates to the posting of the pharmacy permit and in part, states: "The permit .. shall be posted and exposed in a conspicuous place in such pharmacy ..." Obviously, in a hospital setting where drugs are dispensed only by hospital staff, patients would seldom see the part of the hospital where the drugs are stored. The question then arises if drugs and medications are stored in parts of the hospital other than the central storeroom, such as on emergency "crash carts" or a nursing station, must a permit also be displayed there? We think not.

As further legislative intent that Chapter 338 does not provide regulatory authority to the Board over hospital pharmaceutical services, Chapter 197 was enacted in 1953 as part of the Hospital Licensing Law. This chapter specifically provides for the regulation of hospitals, including pharmaceutical services, by the Missouri Department of Social Services, Division of Health. The hospital regulatory statutes were passed subsequent to the pharmacy regulatory statutes.

Hospital pharmacies are strictly regulated under 13 C.S.R. 50–20.021(3)(G). Under these regulations, hospital pharmaceutical services must be directed by a registered pharmacist, who shall be responsible to a hospital administrative officer. 13 C.S.R. 50–20.021(3)(G)(2). Like 4 C.S.R. 220–2.070 promulgated by the Board, the Division of Health regulations require written pharma-

---

**1.** See also §§ 338.010 RSMo 1986; 338.030 RSMo 1986; 338.260 RSMo 1986; 4 C.S.R. 220– 2.010(1)(B); 4 C.S.R. 220–2.030(6)(C). All use the word "retail."

cy policies and procedures. 13 C.S.R. 50–20.021(3)(G)(3), (4) and (12). Both sets of regulations also require hospital pharmacies to have a formulary or drug list. 4 C.S.R. 220–2.070(7) and 13 C.S.R. 50–20.021(3)(G)(11). In fact, almost all of the provisions of 4 C.S.R. 220–2.070 have a counterpart in 13 C.S.R. 50–20.021(3)(G) whereby the Division of Health is already regulating hospital pharmacies.

The other regulations proposed by the Board also extend to regulating hospital functions. Specifically, 4 C.S.R. 220–2.090 states that no pharmacist may be a pharmacist in charge of more than one full-time pharmacy operation (including the pharmaceutical operations of hospitals) thereby regulating staffing patterns and internal procedures of hospitals. Similarly, 4 C.S.R. 220–2.080 purports to dictate the record-keeping requirements of hospitals for the dispensing of drugs to in-patients.

Chapter 338 bestows upon the Board of Pharmacy the power to regulate drug stores and pharmacies. The Board's power extends only to those hospital pharmacies which act in the traditional "drug store/pharmacy" role, for example, when physician's prescriptions are filled for outpatients, members of the public, or hospital employees. In all other respects, the Division of Health, through Chapter 197, regulates hospital pharmacies and Chapter 338 does not bestow authority upon defendants to regulate hospital practices and procedures.

Section 338.110 RSMo requires that at least one member of the Board be a pharmacist at a hospital, a skilled nursing facility, or an intermediate care facility. We reject defendants argument that § 338.110 indicates a legislative intent that the Board of Pharmacy now has jurisdiction to regulate hospitals. The Board of Pharmacy is a licensing board and those pharmacists employed in hospitals, whether or not the hospital operates a prescription counter, are licensed pursuant to § 338.050 RSMo 1986, and subject to discipline pursuant to § 338.055 RSMo 1986, similar to all other pharmacists in the state. Certainly, a member

of this subclass should be represented on the Board.

We affirm the judgment of the Circuit Court which declares those regulations promulgated by the Board of Pharmacy, 4 C.S.R. 220–2.070, 220–2.080, and 220–2.090 to be void. We need not reach the second point raised by defendant.

All concur.