

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| JANICE E. SPURGEON, | ) | |
| Appellant, | ) | |
| v. | ) | WD78785 |
| | ) | |
| MISSOURI CONSOLIDATED HEALTH | ) | |
| CARE PLAN, BOARD OF TRUSTEES, | ) | FILED: February 16, 2016 |
| and JUDITH MUCK, EXECUTIVE | ) | |
| DIRECTOR, MISSOURI CONSOLIDATED | ) | |
| HEALTH CARE PLAN, | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE JON E. BEETEM, JUDGE

### BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE,
### VICTOR C. HOWARD AND GARY D. WITT, JUDGES

Janice Spurgeon ("Spurgeon") appeals the dismissal of her request for judicial review of the Missouri Consolidated Health Care Plan's ("MCHCP") decision to deny her application for survivor enrollment. The circuit court dismissed her petition for failure to state a claim upon which relief could be granted. Spurgeon contends the court erred in dismissing her petition because she met all of the statutory requirements for enrollment in MCHCP's medical plan. Because we find that Spurgeon's petition stated a claim for judicial review of MCHCP's decision, we reverse and remand the case for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY

In an appeal from a dismissal for failure to state a claim, we assume the facts alleged in the petition to be true. *Whispering Oaks Residential Facility, LLC v. Mo. Dep't of Nat. Res.*, 456 S.W.3d 46, 49 (Mo. App. 2015). Spurgeon's late husband, Gary Spurgeon ("Gary"),[1] was an employee of the Missouri Department of Public Safety, Division of Alcohol and Tobacco Control, from January 12, 1976, until his retirement on December 1, 2009. Gary received retirement benefits from the State and kept his health insurance through MCHCP throughout his retirement. Spurgeon was, and still is, an employee of Crawford Electric Cooperative and has always maintained coverage under her employer's health insurance plan.

Spurgeon and Gary intended that Spurgeon would be covered under Gary's health insurance plan during her own retirement. In October 2013, Spurgeon contacted MCHCP to inquire about her eligibility to enroll as a dependent of Gary's, who had been diagnosed with terminal cancer. During this phone call, an MCHCP representative told Spurgeon that "all she would need to do" to enroll in the plan would be to complete a survivor enrollment application upon Gary's death.

Gary died on March 4, 2014. Six days after Gary's death, Spurgeon submitted a survivor enrollment application form to MCHCP. MCHCP denied the application, stating that Spurgeon was ineligible for survivor coverage because she did not have MCHCP coverage as a dependent at the time of Gary's death.

---

[1] To avoid confusion, we will refer to Gary Spurgeon by his first name. No familiarity or disrespect is intended.

Spurgeon appealed this decision to the MCHCP Board of Trustees, which denied her appeal.

Spurgeon subsequently filed a petition for judicial review of MCHCP's determination, alleging that MCHP acted unlawfully, unreasonably, arbitrarily, and capriciously in denying her application for survivor enrollment because she met the statutory requirements to enroll.[2]  MCHCP moved to dismiss the petition. Following a hearing, the court found that the petition failed to state a claim upon which relief could be granted and dismissed the petition.  Spurgeon appeals.

**STANDARD OF REVIEW**

On appeal from the circuit court's review of a non-contested administrative decision, we review the circuit court's judgment, not the administrative agency's decision. *Mo. Nat'l Educ. Ass'n v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 274 (Mo. App. 2000).  Our review is *de novo*. *Whispering Oaks*, 456 S.W.3d at 49.

"'A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.'" *Id*. (quoting *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001)).  We do not determine whether the facts alleged in the petition are credible or persuasive. *Id*.  Instead, "we accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and we construe all allegations favorably to the pleader . . . to determine if the

---

[2] Based on the MCHCP employee's alleged misinformation, Spurgeon also asserted in her petition that she was entitled to relief under 22 CSR 10-2.075(5)(B), which allows MCHCP to "approve a subscriber's appeal and not hold the subscriber responsible when there is credible evidence that there has been an error or miscommunication through the subscriber's payroll/personnel office, MCHCP, or MCHCP vendor that was no fault of the subscriber."  Spurgeon did not raise this argument in her brief, however, so we will not address it in this appeal. *Gordon v. City of Kansas City*, 450 S.W.3d 793, 797 (Mo. App. 2014).

3

facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Harris v. Presson*, 445 S.W.3d 127, 129 (Mo. App. 2014) (internal quotation marks and citations omitted).

## ANALYSIS

In her sole point on appeal, Spurgeon contends the court erred in finding that her petition for judicial review failed to state a claim upon which relief could be granted. Spurgeon's petition sought judicial review of MCHCP's decision to deny her survivor enrollment application in MCHCP's health insurance plan. Section 536.150,[3] provides for judicial review of non-contested cases of an agency action that determines the "'legal rights, duties or privileges of any person.'" *McIntosh v. LaBundy*, 161 S.W.3d 413, 415-16 (Mo. App. 2005) (quoting § 536.150.1). To adequately plead a claim for judicial review under Section 536.150, "an individual must plead facts that, if true, would show that he has been denied some legal right or entitlement to a privilege by an agency decision that was 'unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involve[d] an abuse of discretion.'" *Id*. at 416 (quoting § 536.150.1).

Spurgeon argues that she demonstrated a legal right to enroll in MCHCP's health insurance plan, in that she met all of the statutory requirements for enrollment by a surviving dependent. Specifically, she asserted in her petition that she met the requirements outlined in Section 103.085. Section 103.085 provides:

---

[3] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

4

Except as otherwise provided by sections 103.003 to 103.080, medical benefits coverage as provided by sections 103.003 to 103.080 shall terminate when the member ceases to be an active employee; except persons receiving or entitled to receive an annuity or retirement benefit or disability benefit or *the spouse of* or unemancipated children of *deceased persons receiving* or entitled to receive *an annuity or retirement benefit* or disability benefit *from the state,* participating member agency, institution, political subdivision or governmental entity *may elect to continue coverage, provided the individuals to be covered have been continuously covered for health care benefits:*

*(1) Under a separate group or individual policy for the six-month period immediately preceding the member's date of death* or disability or eligibility for normal or early retirement; or

(2) Pursuant to sections 103.003 to 103.080, since the effective date of the most recent open enrollment period prior to the member's date of death or disability or eligibility for normal or early retirement; or

(3) From the initial date of eligibility for the benefits provided by sections 103.003 to 103.080; or

(4) Within sixty days of a loss of group coverage, provided that such coverage was in place for at least twelve consecutive months immediately prior to the loss and that such loss was due to the dependent's termination of employment or termination of group coverage by the dependent's employer. This subdivision only applies to qualifying dependents of members receiving or entitled to receive an annuity or retirement benefit from the state, participating member agency, institution, political subdivision, or governmental entity.

Cost for coverage continued pursuant to this section shall be determined by the board. If an eligible person does not elect to continue the coverage within thirty-one days of the first day of the month following the date on which the eligible person ceases to be an employee, he or she may not later elect to be covered pursuant to this section.

(Emphasis added.)  Relying on the emphasized language, Spurgeon's petition alleged that she was the spouse of a deceased person who was receiving a retirement benefit from the State and, as such, she could elect to continue MCHP's coverage after Gary's death because she was continuously covered for health care benefits under her employer's separate group plan for the six months preceding Gary's death.

Spurgeon further asserted in her petition that she met the requirements of Section 103.098, which states:

> There shall be a thirty-day enrollment period, at a time designated by the board, during which retirees and surviving dependents of retirees or employees of state agencies participating in the plan but not then covered by the medical care plan shall be able to enroll in the plan upon provision, at their own expense, of evidence of good health satisfactory to the board.  A preexisting condition will not be covered until a person has been a plan participant for twelve consecutive months.

Spurgeon's petition alleged that she was a surviving dependent of a retiree participating in the plan but not then covered by the medical care plan and that she filed her application to enroll in MCHCP's medical care plan within 30 days after Gary's death.

The facts alleged in Spurgeon's petition were sufficient to support her claim that she had a legal right to enroll in MCHCP's plan under Sections 103.085 and 103.098 and, therefore, MCHCP's decision to deny her enrollment application was unlawful.  MCHCP argued in its motion to dismiss that its decision to deny Spurgeon's application to enroll in the plan was lawful under its interpretation of

6

Sections 103.085 and 103.098 and under 22 CSR 10-2.020(2)(C), a Board regulation that states that a retiree's survivors may elect to continue MCHCP coverage only if the survivors had MCHCP coverage at the time of the retiree's death.

Without offering any opinion on the merits of MCHCP's arguments, we find that such arguments challenged the merits of Spurgeon's claim rather than the adequacy of her petition. MCHCP's motion to dismiss did not alternatively request a judgment on the pleadings, however. Instead, MCHCP asked only that the petition be dismissed for failure to state a claim upon which relief could be granted. Construing Spurgeon's petition liberally, as we are required to do on review of a motion to dismiss for failure to state a claim, *see Gordon v. City of Kansas City*, 450 S.W.3d 793, 800 (Mo. App. 2014), the facts alleged in the petition meet the elements of a recognized cause of action for judicial review of a non-contested case under Section 536.150. Spurgeon was entitled to a decision on the merits. The court erred in dismissing her petition for failure to state a claim upon which relief could be granted. Point I is granted.

### MOTION FOR ATTORNEY'S FEES

Spurgeon has filed a motion for attorney's fees pursuant to Section 536.087. Section 536.087 applies only to contested cases. *Saxony Lutheran High Sch., Inc. v. Mo. Land Reclamation Comm'n*, 472 S.W.3d 628, 632 (Mo. App. 2015). Because this is a non-contested case, her motion is denied.

7

**CONCLUSION**

The circuit court erred in dismissing the petition for failure to state a claim upon which relief could be granted.  The cause is reversed and remanded for further proceedings consistent with this opinion.

_____
LISA WHITE HARDWICK, JUDGE


ALL CONCUR.