

# In the
# Missouri Court of Appeals
## Western District

CITY OF FOLEY,

        Appellant,

v.

DIRECTOR, MISSOURI DEPARTMENT
OF REVENUE AND MISSOURI STATE
AUDITOR NICOLE GALLOWAY,

        Respondents.

WD84635

OPINION FILED:

OCTOBER 18, 2022

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Jason H. Lamb, Judge**

**Before Division Three: Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge,
W. Douglas Thomson, Judge**

The City of Foley ("City") appeals the circuit court's Judgment sustaining the Missouri Department of Revenue's ("DOR") and the Missouri State Auditor's ("State Auditor") (the "defendants" collectively) motions for judgment on the pleadings on the City's Petition for Declaratory Judgment which alleged that 15 CSR 40-3.030[1] is unreasonable, arbitrary, capricious, and violative of the due process provisions of the constitutions of Missouri and the United States of America. On appeal, the City first contends that the circuit court erred when it entered a

---

[1] All regulation references are to Missouri's Code of State Regulations as updated through 2019; all statutory references are to the Revised Statutes of Missouri, as updated through 2019.

judgment on the merits in ruling on the defendants' motions for judgment on the pleadings, arguing that the motions were essentially motions to dismiss for failure to state a cause of action and that it is improper to decide the merits of a properly pleaded declaratory relief action by judgment of dismissal. Second, the City contends that the circuit court erred in granting judgment on the pleadings to the defendants by basing its ruling on the petition's "non-justiciability," arguing that the court failed to reach the issue raised by the City's petition, which was whether 15 CSR 40-3.030, as promulgated and enforced, triggered the imposition of the penalty and exceeded the scope of Section 105.145 and/or violated due process of law. Third, the City contends that the circuit court erred when it sustained the defendants' objection to venue and transferred the case to Cole County in a declaratory judgment action concerning a regulation, arguing that Section 536.050.1 permits such action to be filed in the county where the plaintiff resides. We affirm.

## Background and Procedural Information

On March 2, 2020, the City filed a "Petition for Declaratory Judgment" in the Circuit Court of Lincoln County alleging that 15 CSR 40-3.030 is unreasonable, arbitrary, capricious, and violative of the due process provisions of the constitutions of Missouri and the United States of America. The City alleged that in 2019, the DOR withheld the sum of $9,401.12 from the City's sales tax revenue as a fine of $500 per day for filing a late financial report. This was in response to a notice from the State Auditor who was acting on 15 CSR 40-3.030, which is a regulation created to implement Section 105.145. Further, that the City had been devastated by a catastrophic flood during the period in which the financial report was first due. The City was declared a disaster area and qualified for emergency management services from the State of Missouri and the Federal Government. City Hall was inoperable, inaccessible, and unstaffed during that period and the period thereafter when the notice was sent by the State Auditor's office, which mailings constituted

2

the basis for the filing. The office of City Clerk was vacant. The Mayor abandoned his home, sold it, moved to another city, and canceled the monthly Board of Alderman meetings. Shortly after the City began to recover, the Board convened and formally removed the Mayor and re-hired the City Clerk. The financial report was filed on or before September 18, 2019.

The City alleged that the enforcement action wherein the DOR imposed the fine of $9401.12 and attached the City's sales tax distributions to satisfy the fine was not mandatory, "in that being 'subject to a fine' is not the same as 'shall be fined in a certain amount.'"[2] Further, that 15 CSR 40-3.030, as written, is unreasonable, arbitrary, capricious as applied, and violative of constitutional due process rights because it does not permit any exceptions for extreme circumstances which prevent compliance, or allow an opportunity to defend reasons for filing the report after the deadline. The City alleged that the City would suffer irreparable injury if the administrative action was not immediately enjoined and reversed permanently. The City asked that the circuit court declare 15 CSR 40-3.030 unreasonable, arbitrary, capricious, and unconstitutional, and that the DOR and State Auditor's actions in reliance were based on an unreasonable, arbitrary, and capricious regulation.

The defendants moved for transfer of venue to Cole County, alleging that proper venue for the action was Cole County pursuant to Section 508.010.2(1). The City disputed transfer, contending that Section 536.050 allowed for venue in either Cole County or the county of the

---

[2] 15 CSR 40-3.030(5) provides that the annual financial report be submitted "within six (6) months after the end of the political subdivision's fiscal year." Section 105.145.9 states that a political subdivision that is late in filing the report "shall be subject to a fine of five hundred dollars per day." Section 105.145.10 provides that the State Auditor must report any violation to the DOR, which in turn notifies the political subdivision by certified mail of the delinquency and that the political subdivision "shall be subject to a fine of five hundred dollars per day if the political subdivision does not submit a copy of the annual financial statement to the state auditor's office within thirty days from the postmarked date stamped on the certified mail envelope."

3

plaintiff's residence, at the option of the plaintiff, in declaratory judgment suits against agencies involving the validity of rules. The circuit court sustained the defendants' motions for transfer.

After the matter was transferred to the Circuit Court of Cole County, the defendants moved for judgment on the pleadings. On June 2, 2021, the circuit court granted those motions. In so ruling, the court concluded that the requirement to file an annual financial statement is statutory, as is the penalty for filing late. Further, that the City admits that its financial statement was filed late, that the DOR assessed the statutory fine, and collected that fine through offset of city sales tax revenue as allowed by statute. The court found that the State Auditor's regulation that the City was asking the court to declare invalid merely sets the filing deadline for the financial statement, and that the "City's pleadings are devoid of any factual or legal allegation connecting the imposition or collection of the statutory fine by the DOR to the administrative regulation establishing the filing deadline promulgated by the [State Auditor]." Further, that the City made no claim that the regulation was not properly promulgated, or that the State Auditor lacked authority to promulgate the rule. The circuit court found that there was no declaration the court could make with respect to the administrative rule that would have any bearing on the amount, imposition, or collection of the statutory fine. The circuit court concluded that, because the rule challenged by the City was not connected to the City's claim that it should not have been subject to the statutory fine, the City failed to demonstrate that there was a controversy between the City and the defendants.

This appeal follows.

**Point I – Judgment on the Merits**

In its first point on appeal, the City contends that the circuit court erred when it entered a judgment on the merits in favor of the defendants when ruling on the motions for judgment on the

4

pleadings. The City argues that the motions were essentially motions to dismiss for failure to state a cause of action, and it is improper for a trial court to decide the merits of a properly pleaded declaratory relief action by judgment of dismissal.

We review a court's grant of judgment on the pleadings de novo. *Seay v. Jones*, 439 S.W.3d 881, 887 (Mo. App. 2014).

> Review of a grant of a motion for judgment on the pleadings requires this Court to decide 'whether the moving party is entitled to judgment as a matter of law on the face of the pleadings.' *Emerson Electric Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 12 (Mo. banc 2012) (internal quotations omitted). For purposes of the motion, the well-pleaded facts pleaded by the nonmoving party are treated as admitted. *Id.* The trial court's grant of judgment on the pleadings will be affirmed only if review of the totality of the facts pleaded by the petitioner and the benefit of all reasonable inferences drawn therefrom reveals that petitioner could not prevail under any legal theory.

*Morgan v. Saint Luke's Hosp. of Kansas City*, 403 S.W.3d 115, 117 (Mo. App. 2013). When reviewing the grant of a motion for judgment on the pleadings, "this Court considers solely whether the grounds raised in the motion supported dismissal." *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010).

> Rules promulgated by agencies 'are entitled to a presumption of validity and may not be overruled except for weighty reasons.' *State ex rel. Mo. Pub. Def. Comm'n v. Waters*, 370 S.W.3d 592, 602 (Mo. banc 2012) (internal quotation omitted). 'Rules and regulations are valid unless unreasonable and plainly inconsistent with the statute under which the regulation was promulgated.' *Id.* (internal quotations omitted). Further, rules are invalid only to the extent that '(1) [t]here is an absence of statutory authority for the rule or any portion thereof; or (2) [t]he rule is in conflict with state law; or (3) [t]he rule is so arbitrary and capricious as to create such substantial inequity as to be unreasonably burdensome on persons affected.' Section 536.014. 'The burden is upon those challenging the rule to show that it bears no reasonable relationship to the legislative objective. In the absence of such a showing, a rule must be followed until properly and successfully challenged.' *Waters*, 370 S.W.3d at 603 (internal quotations omitted). 'Duly promulgated rules of a state administrative agency have the force and effect of law.' *Killion v. Bank Midwest, N.A.*, 886 S.W.2d 29, 32 (Mo. App. W.D. 1994) (internal citation omitted).

5

*Valley Park Properties, LLC v. Missouri Department of Natural Resources*, 580 S.W.3d 607, 612-613 (Mo. App. 2019).

In the City's first point on appeal, it states, without authority, that "the difference between a motion to dismiss for failing to state a cause of action and a motion for judgment on the pleadings is essentially semantical, a matter of nomenclature," and that the circuit court essentially dismissed the City's petition for failure to state a claim and erroneously ruled on the merits of the claim. The City cites *Sandy v. Schriro*, 39 S.W.3d 853 (Mo. App. 2001), which explains that, with a dismissal for failure to state a claim, the "question is not whether the petition's stated theory demonstrates an entitlement to the declaratory relief sought, but rather it is whether under the averments of the petition plaintiff is entitled to a declaration of rights at all." *Id.* at 857 (internal quotation marks and citation omitted).

Dismissal for failure to state a claim and judgment on the pleadings are not one in the same, although a motion for failure to state a claim may be made within a motion for judgment on the pleadings. Rule 55.27(g)(2). *Sandy v. Schriro* itself evidences this when pointing out that, although there was *also* a motion for summary judgment *and* a motion for judgment on the pleadings before the court in that case, "the court explicitly ruled that it was dismissing appellant's petition for failure to state a claim" and, consequently, "the conclusions of law, on the merits, are not procedurally consistent with a dismissal for failure to state a claim." *Sandy*, 39 S.W.3d at 856-857. The rationale and holding in *Sandy v. Schriro*, therefore, cannot be extrapolated to a case granting motions for judgment on the pleadings because the holding in *Sandy v. Schriro* did not

involve a motion for judgment on the pleadings.[3]

> A motion for judgment on the pleadings shares similarities with a motion to dismiss for failure to state a claim, but it is also distinct. A defending party who makes a motion for judgment on the pleadings is in the same position as a defending party who makes a motion to dismiss for failure to state a claim. In both situations, the defending party's position is that even if all of plaintiff's well-pleaded facts are true, they are insufficient as a matter of law. However, a motion to dismiss is made before the filing of an answer; whereas a motion for judgment on the pleadings is not made until the pleadings are closed. Further, if a court sustains a motion to dismiss, it shall freely grant leave to amend. However, a motion for judgment on the pleadings contemplates a final judgment on the merits.

*In re Marriage of Busch*, 310 S.W.3d 253, 260 (Mo. App. 2010) (internal quotation marks and citations omitted). Additionally, with a motion to dismiss for failure to state a claim, we review "the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010) (internal quotation marks and citation omitted).

Here, the City's Petition for Declaratory Judgment was not dismissed for failure to state a claim. The City's petition challenged the validity of 15 CSR 40-3.030(5) as promulgated pursuant to Section 105.145, contending that "said enforcement action and its underlying governmental regulations are not mandatory, in that being 'subject to a fine' is not the same as 'shall be fined in a certain amount,' and the regulation, as written, does not permit of any exceptions for extreme

---

[3] Likewise, in *Spurgeon v. Missouri Consolidated Health Care Plan*, 481 S.W.3d 604, 608 (Mo. App. 2016), the circuit court dismissed a petition for failure to state a claim upon which relief could be granted. We reversed, holding that the facts alleged in the plaintiff's petition were sufficient to support a claim, and that the arguments by the respondent as to the lawfulness of its actions pursuant to applicable statutes and regulations challenged the merits of the claim rather than the adequacy of the petition. *Id.* We implicitly acknowledged that the result might have been different had the respondent moved for judgment on the pleadings, stating that, "MCHCP's motion to dismiss did not alternatively request a judgment on the pleadings, however. Instead, MCHCP asked only that the petition be dismissed for failure to state a claim upon which relief could be granted." *Id.*

circumstances preventing compliance," making the regulation and its enforcement unreasonable and violative of the City's due process rights. A declaratory judgment action involving the validity of an administrative regulation based on its reasonableness and consistency with the statute under which the regulation was promulgated is, indisputably, a recognized cause of action. § 536.050. "The construction of an administrative rule or regulation is a legal question[.]" *Henke v. Director of Revenue*, 611 S.W.3d 564, 566 (Mo. App. 2020). The circuit court addressed the legal question raised by the City and concluded, as relevant to the aforesaid claim, that:

> § 105.145 does not provide for any exceptions to the late filing of a report. Rather, the statute makes clear that the failure to timely submit the report shall subject the political subdivision to a fine. § 105.145.9.
> …
> The requirement to file an annual financial statement is statutory as is the penalty for failure to timely file it. Section 105.145.2 requires a political subdivision of the state to prepare an annual financial statement, and section 105.145.3 requires that the political subdivision file the financial statement with the SAO[4] within such time as is established by the SAO by rule.
>
> Section 105.145.9 sets forth the penalty for an untimely filing of the financial statement in mandatory terms. 'Any political subdivision that fails to timely submit a copy of the annual financial statement to the state auditor *shall be subject to a fine* of five hundred dollars per day.' (Emphasis added). The DOR is granted authority to collect any such fine through the offsetting of sales or use tax distributions due to the political subdivision. § 105.145.11.
> …
> The period for filing the financial statement is statutorily required to be set by rule promulgated by the SAO[.]…The rule promulgated by the SAO is directly in accordance with this authority[.]…The City makes no claim that this regulation was not properly promulgated or that the SAO lacked authority to promulgate the rule.
> …
> An administrative regulation must be promulgated within the scope of statutory authority conferred on the state agency. *Missouri Hosp. Ass'n v. Missouri Dep't of Consumer Affairs*, 731 S.W.2d 262, 264 (Mo. App. W.D. 1987). Further, such rules are void if they attempt to modify or extend the statutes conferring such authority. *Id.* Here, section 105.145.2 authorizes the SAO to establish a due date by rule with respect to the timely filing of the financial report.

---

[4] "SAO" references the State Auditor.

The circuit court correctly analyzed the breadth of 15 CSR 40-3.030 pursuant to Section 105.145, and correctly concluded that the regulation was promulgated within the scope of Section 105.145, as Section 105.145 and 15 CSR 40-3.030 provide as follows:

Section 105.145.2 requires political subdivisions to make an annual report of financial transactions to the State Auditor. Section 105.145.3 requires the State Auditor to prescribe, by rule, a specific time following the end of the fiscal year that the annual financial report must be submitted, and mandates that each political subdivision submit its report within that time frame. 15 CSR 40-3.030(5) provides that the annual financial report be submitted "within six (6) months after the end of the political subdivision's fiscal year." Section 105.145.9 states that "[a]ny political subdivision that fails to timely submit a copy of the annual financial statement to the state auditor shall be subject to a fine of five hundred dollars per day." Pursuant to Section 105.145.10, the State Auditor is required to report to the DOR any political subdivision that has not timely submitted a report. Upon such notification, the DOR must advise the political subdivision by certified mail that the statement has not been received. *Id.* The DOR's notification must instruct the political subdivision, among other things, that it "shall be subject to a fine of five hundred dollars per day if the political subdivision does not submit a copy of the annual financial statement to the state auditor's office within thirty days from the postmarked date stamped on the certified mail envelope" and that "the fine will begin accruing on the thirty-first day from the postmarked date stamped on the certified mail envelope and will continue to accrue until the state auditor's office receives a copy of the financial statement." *Id.* If the financial statement is received within the thirty-day period, no fine is imposed. *Id.*

9

The City fails to prove its claim that the motions for judgment on the pleadings were "essentially motions to dismiss for failure to state a cause of action," or that it is improper for a trial court to decide the merits of a legal question in a declaratory relief action when the plaintiff's well-pleaded facts are deemed admitted, and resolution of the legal question reveals that the non-moving party cannot prevail on any legal theory.

Point I is denied.

## Point II – Non-Justiciability

In its second point on appeal, the City contends that the circuit court erred in granting judgment on the pleadings for the respondents by basing its ruling on the petition's "non-justiciability," arguing that the court thereby failed to reach the issue of whether the regulation, 15 CSR 40-3.030, as promulgated and enforced, triggered the imposition of the penalty and exceeded the scope of Section 105.145 and/or violated due process of law, which was the claim raised in the petition.

As discussed above in Point I, the circuit court's Judgment expressly addresses whether 15 CSR 40-3.030 exceeds the scope of Section 105.145. The circuit court concluded that 15 CSR 40-3.030 simply prescribes a timeframe for remitting to the State Auditor the annual financial report required by Section 105.145.3, and that Section 105.145.3 requires the State Auditor to establish that deadline. Further, that it is the statute, and not the regulation, that establishes the penalty for noncompliance. Section 105.145.3 states that the State Auditor must prescribe by rule "such time following the end of the fiscal year" "within" which the governing body of each political subdivision must remit a copy of its annual financial report to the State Auditor. 15 CSR 40-3.030(5) provides that the annual financial report "shall be submitted *within six (6) months after the end of the political subdivision's fiscal year.*" (Emphasis added). Section 105.145.9 states

10

that, "[a]ny political subdivision that fails to timely submit a copy of the annual financial statement to the state auditor shall be subject to a fine of five hundred dollars per day."

Although the City's petition challenges 15 CSR 40-3.030 as "going beyond the legislative intention" of Section 105.145 because it allegedly inflicts a "mandatory forfeiture and penalty, without exception, and without due process of law," the circuit court correctly noted that the statute, Section 105.145, and not the regulation, 15 CSR 40-3.030, sets forth the procedure and penalty for statutory noncompliance.[5] We note that, even the date which triggers the fine is not established by the regulation because Section 105.145.10 provides that a fine is not assessed until *after* the State Auditor reports to the DOR that the report was not submitted within 15 CSR 40-3.030's timeframe, and *after* the DOR notifies the political subdivision by certified mail that the report has not been received, and that the thirty-first day *after the postmark on the DOR's certified mail envelope*, the fine will commence. If the financial statement is received within that thirty-day period, no fine is imposed. § 105.145.10.

The City, nevertheless, argues that the circuit court erred in relying on the premise that declaratory judgments are discretionary and that they must have "justiciability." Central to the City's argument is that the court "did not address the issue of the constitutionality of the regulation as it related to the statutory scheme that disproportionately penalized the already devastated and impoverished community of Foley, serving no legitimate governmental purpose."

---

[5] The City alleged in its petition that the "enforcement action and its underlying governmental regulations are not mandatory" because being "subject to a fine" is not the same as "shall be fined in a certain amount," and because the regulation did not allow for exceptions in extreme circumstances, the regulation was unreasonable. Yet the court could not scrutinize 15 CSR 40-3.030 in a vacuum and was necessarily required to review 15 CSR 40-3.030 in light of Section 105.145 which mandated 15 CSR 40-3.030's creation. While disagreeing with the entire "enforcement action" and the effects of Section 105.145 as implemented, the City's petition only asked that the court rule on 15 CSR 40-3.030's validity and vacate the underlying action upon finding the regulation invalid.

11

First, the circuit court clearly addressed the City's claim that the regulation improperly exceeded the confines of the statute. The City never claimed that the *statute* which promulgated the rule was unconstitutional. Second, to the extent that, under the guise of attacking the validity of the rule the City is actually challenging the administrative decision below as decided on the specific facts of the City's case, such was improper for review in the declaratory judgment action. Section 536.050 provides that declaratory judgment actions "respecting the validity of rules, or of threatened applications thereof" do not require exhaustion of remedies. Yet, this only applies if the action involves an agency rule; it does not apply to an agency decision. *State of Missouri ex rel. Ideker, Inc. v. Garrett*, 471 S.W.3d 743, 747-749 (Mo. App. 2015).

> 'If an action involves an agency rule, the exhaustion of administrative remedies does not apply. If it involves an agency decision[,] the exhaustion rule does apply.' *Mo. Health Care Ass'n,* 851 S.W.2d at 569. 'The non-exhaustion rationale of [section] 536.050.1 rests on the distinction between an agency rule and an agency decision.' *Id.* (internal quotation omitted). A 'decision,' by definition, 'includes decisions and orders whether negative or affirmative in form' on specific facts. § 536.010(5). On the other hand, a 'rule,' by definition, 'means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency.' § 536.010(6). Stated differently, '[a]n agency rule is a statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts. An agency decision engages the agency expertise on specific facts and requires exhaustion of administrative remedies.' *Mo. Health Care Ass'n*, 851 S.W.2d at 569 (internal quotation omitted). A rule 'declares in advance of facts whether that implementation conforms to the statute of delegation or other requirements of law.' *Id.* (internal quotation omitted). Therefore, the test of whether or not an action involves an agency rule or an agency decision is 'whether or not the action seeks a declaration concerning a statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts, or whether the action involves specific facts and named or specified persons or facts.' *Id.* at 570. 'In the former situation the action involves an agency rule, in the latter an agency decision.' *Id.*

*Id*. "'It is well settled that when an administrative remedy is available, such remedy must be exhausted before a court may give injunctive or declaratory relief.'" *Id.* at 747 (quoting *Mo. Health*

12

*Care Ass'n v. Mo. Dep't of Soc. Servs.*, 851 S.W.2d 567, 569 (Mo. App. 1993)). "'This principle is founded upon the theory that agencies have special expertise and a factual record can be developed more fully by pursuing the designated channels for relief within the agency.'" *Id.* (quoting *Premium Standard Farms, Inc. v. Lincoln Twp. of Putnam Cnty.*, 946 S.W.2d 234, 237 (Mo. banc 1997)). "'The issue also may be resolved through the procedures set forth by the agency for resolution of complaints, thereby rendering unnecessary review by the courts.'" *Id.* "Until an agency has made a final determination that finds facts, applies the law to those facts, and construes the applicable statutes, it is impossible to know if a subsisting justiciable controversy exists between the agency and the party seeking declaratory relief." *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*, 909 S.W.2d 348, 353 (Mo. banc 1995).

Here, the City attacked 15 CSR 40-3.030's validity and argued that it exceeded the legislative intent of the underlying statute. The circuit court addressed this claim. The City's petition, however, contains various factual allegations, including that the City was devastated by a catastrophic flood during the period in which the report was "first due" and that the City Hall was unstaffed and inaccessible during the time period and thereafter "when the notice was sent by the State Auditor's Office, which mailings constituted the basis for the filing." Pursuant to Section 105.145.10, however, certified notice of the delinquency was sent by the DOR, *not* the State Auditor; the State Auditor sent notice to the DOR of the delinquency, but it was the DOR that sent the delinquency notice to the City. This reference to the State Auditor's notice in the City's petition could be a misstatement by the City, or it could mean that City governance was inactive when the State Auditor sent notice to the DOR, but *active* during the time the DOR notice was sent to the City. Although the City alleged that the Mayor moved and canceled Board of Aldermen meetings following the flood, and the office of City Clerk was vacant, the City never alleged that the DOR's

13

notice was not actually received, or that the City did not have actual notice of the delinquency in time for compliance. (The City also never contended that the due process safeguards set forth in Section 105.145, which include that certified notification of noncompliance must be sent by the DOR, and that the political subdivision has thirty days thereafter to submit the financial statement and avoid penalty, were constitutionally insufficient.) The City's suggestions that the law was improperly applied to its specific fact situation is a contention appropriate for direct appeal of an Administrative Hearing Commission decision, and not declaratory judgment. *Garrett*, 471 S.W.3d at 747-749. If, for example, review of the agency decision determined that it was not the hardships of the City at all, but City negligence that resulted in the fines imposed, such could negate the City's factual claim that circumstances beyond its control caused the late filing and obviate the need to review at all whether the statutory scheme and/or rule provides sufficient due process in extreme circumstances. Likewise, an advisory opinion that the rule provides insufficient due process in extreme circumstances would not necessarily provide relief to the City if the City's late filing was not due to extreme circumstances. Moreover, as noted above, to the extent that the City is challenging the administrative decision below, such claims were unreviewable in the declaratory judgment action for failure of the City to exhaust administrative remedies.[6]

We conclude, therefore, that the circuit court did not err in finding that there was no declaration that the court could make with regard to 15 CSR 40-3.030 that would change the fact

---

[6] On November 10, 2021, the City filed a "Motion for Leave to File Supplemental Legal File" wherein the City requested to file within this appeal "the pertinent portions of the appellant's first attempt to litigate the issues raised herein." While this court declined that request absent a showing that those records were part of the records in the case at bar, in the venue arguments before the circuit court in this case, that prior filing was discussed and shows that it appears to have been a direct appeal of the administrative decision. The circuit court in Lincoln County granted the defendants' requests for change of venue to Cole County in that appeal. Thereafter, the City refiled essentially the same petition in Lincoln County, but as a declaratory judgment action, and on that same day dismissed the appeal of the administrative decision. The declaratory judgment action, which is the case before us, was also transferred to Cole County over the City's objection.

14

that the filing requirement and penalty procedures were all statutory. Contrary to the City's assertions on appeal, the court reached the issue of whether the rule exceeded its statutory authority, and concluded it did not. The court, necessarily, could not proclaim that 15 CSR 40-3.030's six-month post fiscal year deadline imposed a mandatory fine on the City without due process when its authorizing statute establishes the actual time for fines to commence after notice of noncompliance.

Point II is denied.

### Point III – Venue

In its third point on appeal, the City contends that the circuit court misapplied the law when it sustained the defendants' objection to venue and transferred the case to Cole County in a declaratory judgment action concerning a regulation, because Section 536.050.1 permits such an action to be filed in the county where the plaintiff resides. The City argues that the petition pleaded sufficient specific facts that a promulgated rule was the basis of the agency's action, and the City filed a timely written response to the objection to venue.

"To the extent that a court bases its venue ruling on factual matters and inferences, this court reviews the trial court's ruling under an abuse of discretion standard." *McCoy v. The Hershewe Law Firm, P.C.*, 366 S.W.3d 586, 592 (Mo. App. 2012). "To the extent to which the venue decision is governed by the interpretation of a statute, the ruling is a question of law, and accordingly this court reviews the ruling to determine whether the trial court misinterpreted or misapplied the law." *Id.* An error regarding venue does not warrant reversal on appeal unless the error results in prejudice. *Barron v. Abbott Laboratories, Inc.*, 529 S.W.3d 795, 798 (Mo. banc 2017). "Rule 84.13(b) provides: 'No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the

15

action.'" *Id.* An error regarding venue "is like any other alleged non-jurisdictional error and is subject to Rule 84.13(b)." *Id.*

We need not address whether the circuit court misapplied the law in transferring venue to Cole County because the issue is now moot. An issue "is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322, 325 (Mo. banc 2000). Here, the City argues that the legislature created the special venue statute for declaratory judgment actions pertaining to rules so as "to lift from such litigants the burdens and expenses of having to file in Cole County and to appeal to the Western District in Kansas City." The City concedes that it "is not unmindful that the transfer of venue did not impose, in and of itself, an immediate inordinate hardship or prejudice to the appellant, in light of the judge's hearing the motions via WebEx, and their ultimate disposition rendering judgment on the pleadings." The City argues, nonetheless, that it will incur expenses that it would not have otherwise had because its appeal is now in this court, rather than the Eastern District, requiring greater travel time and an overnight stay for counsel. The City states that its "immediate concern is that, should this Honorable Court see the merits in any of the arguments in the Points Relied On herein, that on remand, any future proceedings in this case not be held in Cole County, in-person or otherwise, so that any further appeal thereafter not fall in the more-distant Court of Appeals."

Because we find no merit in the City's first two points on appeal and will not be remanding the matter back to the circuit court, the City's third point on appeal is moot because a ruling on the merits would have no practical effect on the controversy.

Point III is denied.

16

**Conclusion**

The circuit court did not err in entering a judgment on the merits when ruling on the defendants' motions for judgment on the pleadings in the City's declaratory judgment action. The City fails to prove its claim that the motions for judgment on the pleadings were "essentially motions to dismiss for failure to state a cause of action," or that it is improper for a trial court to decide the merits of a legal question and dismiss a declaratory relief action when the plaintiff's well-pleaded facts are deemed admitted and resolution of the legal question reveals that the non-moving party cannot prevail on any legal theory. Further, the circuit court did not err in concluding that there was no declaration that the court could make with regard to 15 CSR 40-3.030 that would change the fact that the filing requirement and penalty procedures were all statutory. Contrary to the City's assertions on appeal, the court reached the issue of whether the rule exceeded its statutory authority, and concluded it did not. The court, necessarily, could not proclaim that 15 CSR 40-3.030's six-month post fiscal year deadline imposed a mandatory fine on the City without due process when its authorizing statute establishes the actual time for fines to commence after notice of noncompliance. Finally, because we find no merit in the City's first two points on appeal and will not be remanding the matter back to the circuit court, the City's third point on appeal is moot because a ruling on the merits would have no practical effect on controversy.

The circuit court's judgment is affirmed.

_____
Anthony Rex Gabbert, Judge

All concur.

17